## JOHN HOLROYD, PLAINTIFF IN ERROR, *v.* LEVI PUMPHREY.

Where property stood assessed upon the books of the corporation of Washington in the name of James Thomas, and was sold for taxes, the sale was good, although James Thomas was dead when the taxes were levied.

Nor was such sale invalid upon the ground that the corporation had, in a prior year, sold the property as belonging to the heirs of James Thomas, which sale was not carried out to completion.

The act of congress, passed on 26th May, 1824, (4 Stats. at Large, 76,) provides for the case.

THIS case was brought up by writ of error from the circuit court of the United States for the District of Columbia, holden in and for the county of Washington.

The case is stated in the opinion of the court.

It was argued by *Mr. Davis* and *Mr. Lawrence*, for the plaintiff in error, and *Mr. Carlisle* and *Mr. Bradley*, for the defendant in error.

The points did not involve any general principles of law, and are, therefore, omitted.

Mr. Justice CAMPBELL delivered the opinion of the court.

This action was commenced by the plaintiff, to recover a lot

of land situate within the city of Washington, in possession of the defendant.

His title is derived from a sale by the city collector of taxes, in the year 1846, at which he was the purchaser; and to sustain it he produced, on the trial of the cause, evidence from the corporation records that the lot had been assessed for taxes as the property of James Thomas, for the years 1844 and 1845; that the taxes for those years were not paid; that the lot had been advertised for sale twelve weeks in one of the city papers, and that he purchased and obtained a deed for the lot from the mayor.

It appeared in the evidence, that James Thomas, to whom the lot had been assessed, had died in 1842; and that the lot had been advertised for sale in 1844, by the collector of taxes, to raise the taxes of that year, as the property of " the heirs of James Thomas," and bid off, but it did not appear that the taxes had been paid on this bid, or that there was any deed to the purchaser, nor was there an assessment of the lots as the property of the heirs.

The circuit court gave the following instruction to the jury:—

" If, from the whole evidence aforesaid, the jury shall find that the said lots in the said declaration mentioned were, up to the year 1844, assessed on the tax books, at the city of Washington, in the name of James Thomas; that the said James Thomas, to whom they were so assessed, in his lifetime held and claimed the same as his own; that he resided in the said city of Washington, and there died in November, 1842, and letters of administration on his personal estate were granted to his son by the orphans' court of Washington county, in December, 1842; that the said lots were, in December, 1844, advertised and sold by said corporation for taxes due thereon, in the name of the ' heirs of James Thomas,' and afterwards were advertised and sold as stated in said plaintiff's evidence, then the plaintiff is not entitled to recover in this action."

Our opinion is, that the sale in 1844, as the property of the " heirs of James Thomas," was inoperative upon the title of the plaintiff. The advertisement did not express the name of the person to whom the lot was assessed on the books of the corporation at the time of such assessment, as was required by the act of congress of the 26th May, 1824, amending the city charter; (4 Stats. at Large, 75, § 2;) nor were the taxes due for that year collected by means of its sale; at most, it was an abortive effort to do so, which, failing, left the lien of the corporation on the lot for the assessed taxes, and its legal remedies to enforce it, unimpaired; nor will the fact of the assessment to James Thomas after his death, nor the advertisement of the property as assessed to him, defeat the conveyance under the sale.

The act of congress, above referred to, provides for the case. It declares, " that no sale of real property, for taxes hereafter made, shall be impaired or [made] void, by reason of such property not being assessed or advertised in the name or names of the lawful owner or owners thereof, provided the same shall be advertised as above directed." We have seen that the corporation was directed to advertise the name of the person to whom the lot appeared to be assessed on the books of the corporation.

The judgment of the circuit court is reversed, and the cause remanded for a *venire*, &c.