PEOPLE *ex rel.* MILLER v. GRISWOLD, commissioner, etc., appellant.

*Highways — opening — discontinuance.*

A highway was regularly laid out, part of the damages resulting from the opening of the same released, and the remainder assessed in accordance with law. After this, the highway commissioner refused to open the highway, and upon application, instituted proceedings to discontinue it. An order of discontinuance was made and filed. *Held,* that the highway having been regularly laid out, and the damages released or assessed, it was the duty of the commissioner to open it. *Held,* also, that the highway not having been opened could not be discontinued, and the proceedings for that purpose were invalid.

APPEAL from an order of the special term, granting a mandamus to compel the defendant, Canning E. Griswold, the commissioner of highways of the town of Sheridan, Chautauqua county, to open and work a highway in said town.

In 1868, defendant was sole commissioner of highways in the said town of Sheridan, qualified and acting. In that year the relator, John Miller, a resident tax payer and freeholder of said town, presented to defendant an application asking the laying out of the highway in question, which was refused. In 1869, relator made a similar application to one Strong, who was that year commissioner, and proceedings were had so that the highway was duly laid out. It ran through the lands of relator, and one other. Relator released his claim for damages, and the damages of the other were assessed in the manner provided by law.

In 1870, defendant again became highway commissioner, and refused to open the highway. An application was made by other persons to defendant in that year, asking him to discontinue such highway, and upon this application proceedings were had in accordance with the statutes relating to the discontinuance of highways, and an order made and filed discontinuing said highway. From that order an appeal was taken by the relator herein, and the matter is still pending.

*Murray & Pattison*, for appellant.

*Morris & Russell*, for relator.

E. DARWIN SMITH, J. The proceedings of Commissioner Strong in the year 1869, in laying out the highway in controversy, were confessedly regular and valid, and the damages of the relator being released, and those of the only other party affected, duly assessed according to law, the duty of the appellant to open said highway is clear and undoubted, unless he is discharged from such duty by the proceedings instituted and had by and before him for the discontinuance of such highway.

By section 2, article 1, title 1, chapter 16, part 1 of the Revised Statutes, entitled " Of Highways, Bridges and Ferries " (1 R. S. 502), commissioners of highways are empowered in the manner and under the restrictions provided in said chapter to lay out new roads, and to discontinue such old roads and highways as shall appear to them, on the oath of twelve freeholders of the same town, to have become unnecessary.

The highway in question never having been opened, cannot be called or considered an old road, and cannot obviously be discon-

tinued by the proceedings and in the manner prescribed in this statute in respect to old roads.

The proceedings taken by the appellant to discontinue said highway were, therefore, clearly unauthorized and void. The proceeding was obviously designed to review and reverse the action and decision of his predecessor in office in laying out such road. The proceedings prescribed for the discontinuance of highways, clearly, cannot be resorted to for such a purpose, as was well held in the case of *People ex rel. Lyn* v. *Pike*, 18 .How. 70, and *Miller* v. *Garlock*, 8 Barb. 157.

This view does not conflict with the power of the commissioners of highways to discontinue a highway, when by reason of alterations made therein, or by the opening of a new road, or in any other way, the same shall be abandoned by the public and no longer used as a public road, pursuant to section 15 of chapter 174 of the acts of 1853, relating to the opening and discontinuing of highways. Such, I presume, was the fact in respect to the highway in question. in the case of *People ex rel. Clark* v. *Commissioner of Reading*, 1 N. Y. Sup. 193.

The order made at special term directing a mandamus to issue to the appellant, requiring him to open said highway, was, doubtless, based upon the assumption that all the proceedings taken by him to discontinue said highway were entirely unauthorized and wholly void.

This assumption was clearly correct, and the order should be affirmed, with costs, to the relator.

*So ordered.*