Hammond *v.* Zehner.

---

## HAMMOND *vs.* ZEHNER.

In an action to recover damages for the flowing of lands by means of a mill dam, the defendant proved that his dam had been erected upwards of twenty years, and that he, and those under whom he claimed, had been in the actual possession of the dam, &c. for upwards of twenty years, for the purpose of supplying grist mills, and that the dam had been kept up at its present height. *Held,* that this evidence, in the absence of any proof by the plaintiff, to rebut it by showing that the defendant's occupation, and setting back of the water, was by leave or license or without claim of right, was sufficient to authorize the jury to imply a grant of the easement, from some person authorized to make it, and to justify a verdict for the defendant.

The burden of proving an adverse possession is on the party claiming the easement. But the use of an easement for 20 years, unexplained, will be presumed to be under a claim or assertion of right, and adverse, and not by leave or favor of the owner.

The time for the enjoyment of an incorporeal hereditament to ripen into a title by prescription, has been fixed, in this state, in analogy with the period limited by the statute for the right of entry upon land, viz. 20 years.

APPEAL by the plaintiff, from an order made at a special term, denying a motion for a new trial. The complaint alleged that before and at the time of the commencement of the action, the plaintiff was the owner and in possession of certain lands in the towns of Sparta and West Sparta, in the county of Livingston, and which were described in the complaint; that the defendant erected a dam across the Canaseraga creek, below the lands of the plaintiff, and continued the same for the space of seventeen years before the commencement of the action, by means of which the waters of the creek were prevented from

flowing off in the natural channel, and were thrown back upon, and caused to flow over and remain upon the lands of the plaintiff, to the injury of the land, and of the grass, grain and timber growing thereon, and claiming damages to the amount of one thousand dollars. The answer of the defendant contained, 1st. A general denial of the complaint. 2d. An allegation that the said creek was on the first day of January, 1820, a public highway and has been ever since; that by an act of the legislature of the state of New York, passed April 11th, 1820, one Isaac Havens was authorized to construct a dam across said creek, at the point where the dam complained of was erected, not to exceed three feet in height; and that said Havens, in the summer and fall of 1826, erected said dam, and the same has ever since been maintained by said Havens and the defendant at no greater height than three feet, in pursuance of said act; that the said Havens, on the 5th day of July, 1831, being the owner in fee simple of the land on which the dam was erected, and also of land on which a grist mill was erected, conveyed to the defendant the grist mill and appurtenances, in fee simple, and leased to him the land on which the dam and the race leading therefrom to said grist mill were situated, so long as the same should be necessary or wanted for the use of said mill; that the defendant had been the owner and continued in possession of said mill and dam ever since said conveyance, and had not raised the dam or the water therein, and that neither the defendant or his grantor, had ever raised the dam to a greater height than that at which it was first erected. 3d. That for more than twenty years before the commencement of the action, the defendant and his grantor had owned and been in the actual possession of the dam and appurtenances, and that during said twenty years, neither the defendant nor his grantor had raised the dam, or increased the water therein.

On the trial, at the Livingston circuit, in May, 1854, before Justice WELLES, the plaintiff proved his title to, and possession of the premises alleged to have been overflowed, and the setting back of the water upon the same by means of the defendant's mill dam across the Canaseraga creek. The defendant proved

Hammond *v.* Zehner.

the facts set forth in his answer. After the testimony was closed, the counsel for the plaintiff requested the circuit judge to charge the jury that if they were satisfied that the dam caused the water to overflow and injure the lands of the plaintiff, he was entitled to recover his damages notwithstanding the claim of right by the defendant to flow the said lands. The judge declined so to charge, and the counsel for the plaintiff excepted. The circuit judge charged the jury that if the defendant and his grantor had used and occupied the premises as they were then for twenty years before the commencement of this action, the jury might presume a grant from some person authorized to make it, and should find a verdict for the defendant. To which charge the counsel for the plaintiff also excepted.

The jury found a verdict for the defendant.

*J. L. Endress,* for the plaintiff.

*John Wilkinson,* for the defendant.

*By the Court,* E. DARWIN SMITH, J. The defendant claims an easement in the plaintiff's land. He claims a right to flow such lands for the use of his mill, which is supplied with water by means of a dam which the defendant and his grantors had kept up and maintained at its present height for about 25 years before the commencement of this suit. An easement is an incorporeal right, which may be acquired by grant or by acquiescence and use, upon the presumption of a grant, which by the common law is termed title by prescription. As prescription always presupposes a grant made beyond the period of legal memory, and lost, the acquiescence and use requisite to create or ripen into a title must be continued for a period sufficient to bar an action of ejectment, which in this state, since the statute of limitations passed April 8, 1800, has been, and now is, twenty years, except when brought as a substitute for a writ of right. It must be continued, uninterrupted and adverse. In *Tyler* v. *Wilkinson,* (4 *Mason's C. C. R.* 402,) Judge Story says: " By our laws, upon principles of public convenience, the term of twenty

HARVARD LAW SCHOOL LIBRARY

years exclusive uninterrupted enjoyment has been held a conclusive presumption of a grant or right." But this enjoyment must not be by license, leave or favor, but upon claim of right. (17 *Wend.* 564. 19 *id.* 309. 24 *Pick.* 106. 8 *Barb.* 155. 2 *Kernan*, 381.)

There is no doubt or dispute that upon the evidence in this case the defendant's dam had been erected and used over 20 years before the commencement of this suit. The plaintiff's counsel claims, however, that the defendant shows no right to flow his land, upon the ground that the dam has been erected and maintained for that time at its present height; that maintaining the dam does not imply a right, or a claim of right, to set back the water on to his land. The defendant proved his answer, or most of it, and though the answer might have been deemed insufficient as a pleading, yet if upon full proof of it the jury would be justified in finding for the defendant, the judge was right in receiving the evidence. The answer merely sets up the facts, or the evidence of facts, rather than the proper legal conclusion from those facts. The facts stated in the answer were proper for the jury, and it was for them to draw the proper conclusions from them. The answer states that the dam had been erected upwards of twenty years, and that the defendant and those under whom he claimed had been in the actual and peaceable possession and occupancy of the dam and its appurtenances for upwards of twenty years, for the purpose of supplying the defendant's grist mills, and that the dam had been kept up at its present height. And these facts were proved. Upon this evidence, and unless some proof was given by the plaintiff to rebut it, by showing that the defendant's occupation so far as relates to flow of the water raised by the dam upon his land, was by leave or license or without claim of right, was sufficient to authorize the jury to imply a grant of the easement. The question was for the jury, upon the evidence. The burden of proving an adverse possession is on the party claiming the easement. But the use of an easement 20 years, unexplained, will be presumed to be under a claim or assertion of right and adverse, and not by leave or favor of the owner. (3 *Kent*, 442.

3 *East*, 297, 300. 14 *Mass. R.* 53. 3 *Bing*. 115.) If a party claiming the easement shows an open and uninterrupted enjoyment for twenty years, as the defendant did here of the dam which involved the back flow of the water on to the plaintiff's land, proof must come from the other side to show that such use of the defendant's land was by license or permission, or that it was restrained or limited in point of time. (*Finch* v. *Patridge*, 2 *Verm. R.* 391. *Cross* v. *Lewis*, 2 *B. & Cress.* 686. 8 *Barb.* 155. 19 *Wend.* 366.) There being no proof in this case to rebut the presumption of a grant arising from the 20 years' uninterrupted use of the easement, the charge of the judge, in view of the facts of the case, that they might presume a grant from some person authorized to make it, and should find a verdict for the defendant, was right. In advising them that they should find a verdict for the defendant, the judge merely advised them in effect that the legal presumption, upon the evidence, unexplained, was in favor of the defendant's title by prescription, as claimed. The jury would not have been warranted, upon the evidence, in finding a verdict for the plaintiff, and we should have been bound to set aside their verdict as against the evidence, if they had done so.

But the plaintiff's counsel claims that prescription, when the defendant claims as part of his time the possession of a grantor who took possession before the revised statutes, must be 25 years. The time of legal memory in Massachusetts is fixed in analogy to the time prescribed for bringing a writ of right. (*Melvin* v. *Whiting*, 10 *Pick.* 295. *Kent* v. *Wait*, *Id.* 138.) But such has never been the rule in this state. The time for the enjoyment of an incorporeal hereditament to ripen a title by prescription has been fixed in this state in analogy with the period limited by the statute for the right of entry upon land, which was 20 years, in the statute of limitations passed April 8, 1801. (*See Rev. Laws of* 1813, *p.* 185, § 3.) The rule was thus applied, before the revised statutes, to cases of flowing lands in mill dam cases, just like this, in *Stiles* v. *Hooker*, (7 *Cowen*, 266,) and *Russell* v. *Scott*, (9 *id.* 279.) In the case in 7 *Cowen*, Judge Savage states the rule as above. He says : " A

grant is presumed from 20 years uninterrupted use of water at a certain height." The case, I think, upon the whole, was rightly disposed of at the circuit, and the judgment of the special term should be affirmed.

[Monroe General Term, December 1, 1856.   *T. R. Strong, Welles* and *Smith,* Justices.]