# YANKEE JIM'S UNION WATER COMPANY v. MILTON W. CRARY.

ADVERSE POSSESSION OF WATER RIGHT.—The right to the use of a watercourse in the public mineral lands, and the right to divert and use the water taken therefrom, may be held, granted, abandoned, or lost, by the same means as a right of the same character issuing out of lands to which a private title exists. The right of the first appropriator may be lost by the adverse possession of another; and when such person has had the continued, uninterrupted, and adverse enjoyment of the water, or of some certain portion of it, during the period limited by the Statute of Limitations for entry upon lands, the law will presume a grant of the right so held and enjoyed by him.

EVIDENCE IN ACTIONS FOR DIVERTING WATER.—In an action for the wrongful diversion of water, where the answer sets up more than five years continuous adverse possession in the defendant, if the plaintiff before resting introduces evidence tending to show his possession during the five years, and the defendant then introduces evidence to sustain the answer, the plaintiff, in rebuttal, may introduce evidence to show that defendant's possession had not been continuous, or uninterrupted, or adverse, but he cannot claim as a right to introduce evidence to prove the same facts that were proved in his opening.

ERROR IN ADMITTING TESTIMONY CURED BY INSTRUCTIONS.—If the Court errs in the admission of testimony during the trial, but afterwards instructs the jury to disregard such testimony, the error is not sufficient to entitle the party objecting to the testimony to a new trial.

PRESUMPTION OF GRANT TO WATER.—In an action for the wrongful diversion of water, if the jury are satisfied from the evidence that the defendants have been in the continued, adverse, uninterrupted possession, use, and enjoyment of the water

in dispute for five years preceding the commencement of the action, they are jus-
tified in presuming a grant to the defendants.

DIVERSION OF WATER—If A. is the owner of a ditch, and of the right to divert and
use the waters of a stream in the same, and B. diverts the waters of the stream at
a point above A.'s ditch and uses them for mining, but turns them back into A.'s
ditch at another point before A. has use for them, A. has no cause of action
against B.

APPEAL from the District Court, Eleventh Judicial District,
Placer County.

The defendant's ditch was excavated on the side of the
mountain above plaintiff's ditches, and took the water from
the same stream at a point about three fourths of a mile above
plaintiff's ditches. The defendant used the water for working
his claim, and then allowed it to flow into plaintiff's ditches
down another ravine about a mile distant from the one where
it was diverted.

Defendant recovered judgment and plaintiff appealed.

The first instruction, given at defendant's request, was as
follows:

"If the defendant and his grantors have been in the con-
tinued adverse uninterrupted possession, use and enjoyment of
the waters in dispute for the period of five years preceding the
commencement of this suit, the jury must find for the defend-
ant."

The second instruction given at defendant's request, was as
follows:

"If, after defendant's use of the water, it flows back into a
cañon, and, without material diminution in quantity or qual-
ity, it is again conducted by plaintiff into ditch, and used
by them as it would have been used but for the diversion by
defendant, the jury must find for defendant."

The other facts are stated in the opinion of the Court.

*Tuttle & Hillyer*, for Appellant.

The second instruction, given at defendant's request, is
erroneous.

Nearly all the ditches in the mining regions pass for miles

64

along the sides of mountains, and take up the waters of numerous streams. The law, as laid down, will give the right to subsequent appropriators to go above those ditches and divert those streams to any point above the first ditch, so that the water finds its way back at some point, no matter what, into the oldest ditch. If A. excavates a ditch ten miles on the side of a mountain, diverting half a dozen streams, B. may afterwards dig a ditch eighty rods above him, of the same length, and divert the same water, if he finally empties it back into some point of A.'s ditch, even though six miles of A.'s ditch is left dry.

The first of defendant's instructions was also erroneous. It declares that if defendant had been for five years in the adverse uninterrupted possession and enjoyment of the waters in dispute, that defendant must recover.

This instruction ignores entirely the question of possession under claim of right or ownership. It assumes that a trespasser who does not claim to own the property, and knows that he does not own it, by a continuation of his trespasses may acquire a title.

This was an action to abate a nuisance. No length of time could give defendant a right to commit the nuisance. (*Tuolumne Water Co.* v. *Chapman*, 8 Cal. 397; *Parker* v. *Kilham*, 8 Cal. 79; *Paddleford* v. *Paddleford*, 7 Pickering, 152; *Ewing* v. *Burnett*, 11 Peters, 41.)

*Jo Hamilton* and *P. L. Edwards*, for Respondent.

The appellant has no right to require the return of the waters into its ditch at the point where it first diverted them, and must be satisfied if they are returned to it where they were intended to be, and were used.

If there is any error in the instructions given by the Court, it is in favor of the appellant, and not of the respondent.

This was not an action to abate a nuisance, neither in form or substance. Its only legitimate purpose was to determine the conflicting claims of the parties to the water in question.

By the Court, RHODES, J.

The plaintiff is the owner of two water ditches, constructed for mining purposes, which conduct the water from a cañon, and the defendant owns a third ditch which heads in the same cañon, above the plaintiff's ditches. The plaintiff claims the right to the water, on the ground of a prior appropriation and a continuous user down to a time subsequent to May, 1861, when, it is alleged, the defendant diverted the water into his ditch. The object of the action is to recover damages for diverting the water, and to enjoin the defendant from the further diversion of it from the plaintiff's ditches. The defendant had a verdict and judgment, and the plaintiff appeals from the judgment and the order denying the motion for a new trial.

In considering the errors assigned, several points may be passed upon at the same time.

1. The plaintiff was not entitled to a judgment on the pleadings, for the defendant denies the right of the plaintiff, except where the water has receded to four inches, and he sets up title in himself; and we hold that those matters, as set up in the answer, do constitute a defense to the plaintiff's action.

2. After the plaintiff had rested and the defendant had introduced his evidence, the plaintiff "offered to prove by William McClure, one of the former owners of plaintiff's ditches, and James McClure, former agent, that in 1853, 1854, 1857, 1858, 1859 and 1860, plaintiff had possession of and used in its ditches, during all the summer season except when there was a surplus [the] water in controversy," and the testimony was excluded on the objection of the defendant. The plaintiff alleges in its complaint that it now owns two ditches; that the ditches were constructed by its grantor in 1851 and 1852; that by means thereof, the plaintiff's grantors diverted and appropriated the waters of the cañon; that the plaintiff has owned the ditches since August, 1853; and that by means of the ditches, since they were excavated, the plaintiff and its grantors have continuously, up to May, 1861, used,

appropriated, diverted and enjoyed the waters flowing down said cañon above the plaintiff's ditches.

The defendant, in his answer, after denying that the plaintiff or his grantors ever had or claimed any right to the water of the cañon above where his ditch heads, except as the owners of his ditch permitted them to use such water, avers that he is the owner of said ditch, and that he and his grantors, ever since the summer of 1853, have been the owners and in the peaceable and quiet possession thereof; that the same was constructed, and ever since has been used for the purpose of conveying the waters of said cañon; that they have had the quiet and peaceable possession of said waters, and have continuously, during nine years past, diverted all of said waters that could be conveyed in their ditch; that they had the right so to do; that by "virtue of such continuous use, enjoyment and appropriation of said water," which use and possession "has been held by them adversely and against all claimants," the defendant is the owner, and entitled to the use, enjoyment and diversion of said water; and " that, by reason of the nine years use and enjoyment and diversion, and the adverse possession of the same, he has acquired the title thereto ;" and that the defendant has never disputed the plaintiff's title, until the commencement of the present suit.

The plaintiff thus asserts title founded upon prior appropriation in 1851 and 1852, and the continued appropriation down to the time of the alleged diversion by the defendant in 1861 ; and the defendant asserts title acquired by prior appropriation in 1853, together with continuous use from that time to the commencement of the action in 1862. He also relies upon title by prescription. The Court below and the plaintiff have treated the answer as setting up the Statute of Limitations in bar of the action. We do not so understand the answer. Although it is not pleaded with great accuracy or technical precision, it contains all the substantial allegations necessary in a case where a party sets up title to an incorporeal hereditament, which has accrued to him by the continued, uninterrupted adverse use and enjoyment—a title by

prescription.   The right to the use of a watercourse in the public mineral lands, and the right to divert and use the water taken therefrom, is acquired by appropriation and user, the person first appropriating it being deemed to have the title, as against all the world, except the United States and persons claiming under them, to the extent that he thus appropriated it before the rights of others attached.   The rights thus acquired may be held, granted, abandoned or lost by the same means as a right of the same character issuing out of lands to which a private title exists.   The right of the first appropriator may be lost, in whole or in some limited portions, by the adverse possession of another.   And when such person has had the continued, uninterrupted and adverse enjoyment of the watercourse, or of some certain portion of it, during the period limited by the Statute of Limitations for entry upon lands, the law will presume a grant of the right so held and enjoyed by him.   (*Bealy* v. *Shaw*, 6 East. 208; *Balston* v. *Beusted*, 1 Campb. 463; *Ricard* v. *Williams*, 7 Wheat. 59; *Williams* v. *Nelson*, 23 Pick. 141; *Calvin* v. *Burnet*, 17 Wend. 562; *Hammond* v. *Zechner*, 23 Barb. 473.)

The defendant, having proven facts sufficient to warrant the jury in presuming a grant in his favor, the plaintiff, not wishing to rely upon the proof offered by it upon the same points, was at liberty to produce evidence tending to show that the defendant's enjoyment of his asserted right had not been continuous, or uninterrupted, or adverse; but it was not authorized for that purpose, to enter upon its original case, and again prove the same facts that were proved by it in making its *prima facie* case.   At least, such evidence would be admissible only in the discretion of the Court below, in furtherance of justice—not in rebuttal, but as a part of the plaintiff's original case.

The other issue between the parties was, as already stated, a contest between them as to which had the better right, founded on prior possession and continued user.   The plaintiff had called upon the same witnesses that he then offered, to prove its continuous possession and use, and they had testi-

fied concerning those matters, and the offer was in substance to prove the same facts (perhaps more in detail) that those witnesses had testified to in chief for the plaintiff. The examination of those witnesses upon the same point was not permissible, except in the discretion of the Court.

3. The plaintiff further assigns for error, the admission of the testimony of Randolph and the deposition of Beegan, so far as the same related to an arrangement between the defendant's grantors and the plaintiff's agent, on the ground that there was no proof that the agent had authority to make such an arrangement. It is sufficient on this point to say, that the Court, by its instructions, excluded that testimony from the consideration of the jury, the Court instructing them that the agent's acts in that behalf were void, because he had no authority, and there was no proof of the ratification of his acts by the company.

The plaintiff further objects to the testimony of those witnesses, because it was attempted to be proven by them, by parol, that the defendant's grantors had sold and conveyed the ditch to him. It is alleged in the answer, and not denied in the replication, that the persons who constructed the defendant's ditch sold the same to two persons, who afterward sold it to the defendant, and no evidence was needed on that point. Those sales were proven by parol evidence, without objection on the part of the plaintiff, by two other witnesses, and the record contains no objection to the testimony of Randolph on that ground. The admission of the testimony complained of, though improper as it was offered, yet under the circumstances did not amount to an error sufficient to entitle the plaintiff to a new trial.

4. The first instruction given at the request of the defendant was proper, under the pleadings. If objectionable at all, it is on the ground that it does not go far enough, for the Court might have charged the jury that if they found that "the defendant and his grantors have been in the continued, adverse, uninterrupted possession, use and enjoyment of the waters" for five years preceding the commencement of the

action, they would be justified in presuming a grant to the defendant. The charge, as given, had relation to the probative facts upon which title by prescription depended, rather than to the ultimate fact of title. In that view it was not erroneous. (*Hammond* v. *Zechner*, 23 Barb. 473.) The second instruction was proper, for if the plaintiff had title to the water, and had not been injured by the acts of the defendant, the plaintiff had no cause of action against him.

The instructions concerning the adverse possession and prescription, given at the request of the plaintiff, were very favorable to it, and obviated whatever objection there might be to the defendant's instructions upon the same matter. The remaining points in the assignment of errors do not require a separate consideration.

Judgment affirmed.

SAWYER, J., concurring specially.

I concur in the judgment.