[No. 19311.   Department Two.—February 6, 1894.]

# F. M. GALLAHER, APPELLANT, v. THE MONTECITO VALLEY WATER COMPANY, RESPONDENT.

WATER RIGHTS—DIVERSION OF STREAM—PRESCRIPTIVE RIGHT.—In an action by a riparian owner to restrain a water company from diverting the waters of a stream, where the water company claims a prescriptive right in persons whose rights had been condemned by it, a finding that the defendant and his predecessors in title have diverted to their own use from the stream for beneficial purposes the water so condemned, to the extent of the capacity of the boxes and pipes alleged in the complaint to have been used by the defendant for diverting the water, and have used and enjoyed the same for beneficial purposes continuously, openly, notoriously, peaceably, uninterruptedly, and adversely to the plaintiff and all other persons for the period of more than five years before the commencement of the action, is sufficient to show a good prescriptive title in defendant to the water in controversy.

ID.—USE UPON RIPARIAN LAND.—The fact that the water so diverted was used upon riparian land, and that the court found that a portion of the waters was used by plaintiff and his predecessors in title for lawful purposes for a period of more than ten years next before the time of the diversion mentioned in the said complaint, and also since said diversions were made, is not inconsistent with adverse user and a prescriptive right to the water diverted, it appearing that the diversion was at a point on the stream above the land of the plaintiff, and that it must have been a continuous infringement upon the right of the plaintiff to the enjoyment of the water naturally flowing in the stream to the extent of the continuous diversion.

ID.—CHANGE OF PLACE OF DIVERSION—CHANGE OF USE.—One entitled to the use of water may change the place of diversion, or the place where it is used, or the use to which it was first applied if others are not injured by such change.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. C. Stratton* for Appellant.

*Richards & Carrier*, and *R. B. Canfield*, for Respondent.

DE HAVEN, J.—The plaintiff is an owner of land bordering on the Cold Spring branch of Montecito creek, and this action was brought for the purpose of restraining the defendant from diverting the waters of said stream.

The defendant is a corporation organized under the laws of this state for the purpose of supplying water to the inhabitants of a portion of Santa Barbara county, and in its answer alleged that prior to January 14, 1888, John Coe and John W. Coe had acquired a prescriptive right to divert the waters of the Cold Spring branch of Montecito creek to the extent of defendant's diversion, and were then in the enjoyment of that right, and that on that day the defendant recovered a judgment against said John and John W. Coe condemning their rights in said water, and for a separate defense the defendant alleged that plaintiff's right of action was barred by section 318 of the Code of Civil Procedure.

The case was tried by the court, and judgment rendered for the defendant, and from this judgment and an order denying his motion for a new trial the plaintiff appeals.

The superior court found that the defendant, on January 14, 1888, recovered against John and John W. Coe, the judgment of condemnation alleged in the answer, and "that for a period of more than five years before said fourteenth day of January, 1888, the said John Coe diverted to his own use, for beneficial purposes, from said stream, and used and enjoyed for beneficial purposes the waters thereof, to an amount greater than the quantity diverted by defendant as aforesaid, under claim of right and title, continuously, openly, notoriously, peaceably, uninterruptedly, and adversely to the plaintiff and to all other persons, and with the knowledge and acquiescence of plaintiff and his predecessors in interest. That a portion of the water so diverted and used by said John Coe was diverted and used upon land bordering on said Cold Spring branch." The court further found that such diversion was continued by the defendant after the judgment condemning the right of the Coes in and to the waters diverted, and that "the defendant and its predecessors in title aforesaid have diverted to their own use, from said stream, for beneficial purposes, the water so condemned as aforesaid, to the

extent of the capacity of the box and pipes alleged in the complaint to have been used by defendant for diverting said water, and have used and enjoyed the same for beneficial purposes continuously, openly, notoriously, uninterruptedly, peaceably, and adversely to the plaintiff, and to all other persons, for the period of more than five years next before the commencement of this action." The court also found, "that the plaintiff's cause of action is barred by the provisions of section 318 of the Code of Civil Procedure of this state."

It is claimed by plaintiff that these findings are not sufficient to show that defendant has acquired a prescriptive right to continue the diversion complained of.

It seems to us, however, that the particular findings above quoted, to say nothing of the general finding to the effect that plaintiff's cause of action is barred by section 318 of the Code of Civil Procedure, are alone sufficient to show a good prescriptive title in defendant to the water in controversy under the law as declared by this court in *Davis* v. *Gale*, 32 Cal. 27; 91 Am. Dec. 554; *Union Water Co.* v. *Crary*, 25 Cal. 504; 85 Am. Dec. 145; *Water Co.* y. *Richardson*, 72 Cal. 598. It is urged by plaintiff that, as Coe was a riparian owner, and the diversion was made upon riparian land, and the water diverted used upon such land, and the court having also found "that a portion of the waters of said Cold Spring branch of Montecito creek was used by plaintiff and his predecessors in title for lawful purposes for a period of more than ten years next before the time of the diversion mentioned in the amended complaint, and also since said diversions were made," that the findings when taken together do not show such an invasion of the rights of plaintiff as would have entitled him to maintain an action therefor, because of such diversion and use of the water by Coe, as plaintiff may at all times have had sufficient water flowing by his land for the proper use and enjoyment thereof; and the cases of *Lakeside Ditch Co.* v. *Crane*, 80 Cal. 181; *Anaheim Water Co.* v. *Semi-Tropic Water Co.*, 64 Cal. 186, are cited to

sustain this contention. These cases are not in point. In the first one cited the defendant's ditch was above that of plaintiff, and the court held that a finding to the effect that plaintiff had diverted the water from the stream for more than five years prior to the commencement of the action, adversely to the whole world, the water so diverted being sufficient to fill the ditch of plaintiff "whenever there was water in the stream to fill it," could not in the nature of things show a diversion adversely to the defendant, as no right of his could possibly have been affected by such acts of the plaintiff, while in the case at bar defendant's diversion was at a point on the stream above the land of plaintiff. In the case of *Anaheim Water Co.* v. *Semi-Tropic Water Co.*, 64 Cal. 185, the court simply held that the diversion of water by one riparian owner for use upon riparian land could not be adverse to the rights of a lower proprietor along the stream so long as there was left flowing in the stream an abundance of water to supply the present and prospective riparian wants and uses of the lower proprietor; but the facts as found by the court here do not bring this case within the rule there declared. The special finding above quoted, and upon which plaintiff relies, is not inconsistent with an adverse use of the water of the stream by defendant and its predecessors. The special findings do not show that defendant's present diversion and user of the waters in controversy is any more injurious to the riparian rights of plaintiff and other lower proprietors than when the diversion was commenced; on the contrary, it is clear that, as no more water is diverted now than at the commencement, if the present diversion is an infringement upon the equal right of plaintiff to the enjoyment of the water naturally flowing in the stream, it has always been so, and as the diversion was exercised under a claim of right and in open hostility to the plaintiff, it has ripened into a prescriptive title.

The further point is made that the evidence does not support the findings, but we think the evidence is such

that we would not be warranted in reversing the judg-ment upon this ground. It is shown that defendant has changed the point of diversion, and applied the waters to a use different from that for which they were diverted by its predecessor, but, as the rights of plaintiff do not seem to be injuriously affected by such change, he has no cause for complaint. It seems to be settled that one entitled to the use of water "may change the place of diversion, or the place where it is used, or the use to which it was first applied, if others are not injured by such change." (*Ramelli* v. *Irish*, 96 Cal. 214, and cases there cited.)

We discover no error for which the judgment should be reversed.

Judgment and order affirmed.

McFARLAND, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.