[No. 4618.]

The Seven Lakes Reservoir Company v. The New Loveland and Greeley Irrigation and Land Company.

1.  **Water Rights—Priorities—Property Right—Change of Method of Use—Can Be Made When.**

    A priority to the use of water is a property right which is the subject of purchase and sale, and its character and method of use may be changed, provided such change does not injuriously affect the rights of others.—P. 385.

2.  **Same—Storage—Amount.**

    The owner of a priority for direct irrigation is entitled to store the amount of water, so owned by him, to be used for irrigation later in the season on crops needing water at such time; otherwise the result would be to take the owner's rights from him and confer them upon others growing crops of a different nature, and such a rule would make the use dependent upon the character of the crops raised instead of upon the right to utilize it in any manner which does not injuriously affect the vested rights of others.—P. 385.

3.  **Same—Statutory Construction.**

    Mills' Ann. Stats., § 2270, providing that persons desiring to divert water for storage may take from any of the natural streams of the state and store any unappropriated water not needed for immediate use for domestic or irrigation purposes, does not apply to the owner of a water priority who desires to store it for use on a crop needing irrigation later in the season; and, for such later use, he is entitled to store the quantity of water, measured by volume and time, which he would be entitled to divert for direct irrigation.—P. 387.

**4. Appellate Practice—Petition for Rehearing—Questions Con-sidered—Estoppel.**

In an action to prevent a sole defendant from storing a water priority for use on crops needing it later in the season, the plaintiff cannot urge for the first time on an application for rehearing on appeal that a decree authorizing defendant to do so should not be entered until all the parties whose rights might be thereby affected are in court, nor is such plaintiff otherwise in position to urge such point on appeal.—P. 387.

*Appeal from the District Court of Boulder County.*
*Hon. Christian A. Bennett. Judge.*

Action by The New Loveland and Greeley Irrigation and Land Company against The Seven Lakes Reservoir Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

Decision *en banc,* CHIEF JUSTICE STEELE, Mr. JUSTICE CAMPBELL and Mr. JUSTICE CASWELL dissenting.

Mr. H. N. HAYNES, for appellant.

Mr. JAMES W. McCREERY, for appellee.

The question presented by this appeal is the right of the owner of a priority for direct irrigation to store the water thereby represented for use later in the season. Appellant is a corporation organized under the laws of this state, for the purpose of acquiring and maintaining reservoirs for the storage of water to supplement the water supply of its stockholders obtained through the Loveland and Greeley ditch to irrigate lands belonging to them under this ditch. Pursuant to this purpose it acquired reservoir sites and purchased thirty-four shares of The Louden Irrigation Canal Company and fifty inches in the Barnes ditch. The priorities belonging to these ditches were awarded for direct irrigation purposes. The water represented by these purchases

it did not apply to lands directly, but during the irrigating season stored in one or more of its reservoirs for use upon lands later, to mature crops, like beets and potatoes, which it is not necessary to irrigate in the early part of the season, but which do require water about August, and later, when the direct supply belonging to its stockholders in the Loveland and Greeley ditch was insufficient for this purpose. The several ditches named derive their respective supply from the same general source. Appellee, the owner of priorities supplied from this same source, brought a suit against appellant, the object of which was to prevent the appellant from diverting the water represented by its purchases for storage during the irrigation season. To the complaint filed the appellant filed a cross-complaint, claiming the right to divert the water represented by its purchases for storage purposes, based substantially upon the grounds above stated. There was no dispute with respect to the dates and amounts of the respective priorities of the parties to the action involved in this appeal, it being the contention on the part of plaintiff that, although the defendant was entitled to divert the water represented by its purchases for the purpose of direct irrigation when needed, and that these priorities for this purpose were superior to any claimed by plaintiff, that the defendant could not abandon the use of the rights purchased by it for direct irrigation during the irrigating season, and store the water thereby represented for future use in irrigating crops.

The judgment of the court was in favor of the contention of the plaintiff, and the defendant brings the case here for review on appeal.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The particular question presented by this appeal has not been determined in the concrete by any previous decision of this court; but it is by no means a new one, because it merely involves the application of principles which have been announced in numerous cases.

A priority to the use of water is a property right which is the subject of purchase and sale, and its character and method of use may be changed, provided such change does not injuriously affect the rights of others.—*Fuller v. Swan River P. M. Co.,* 12 Colo. 12; *Strickler v. Colo. Springs,* 16 Colo. 61; *Cache la Poudre I. Co. v. Larimer & Weld R. Co.,* 25 Colo. 144.

Appellant owns certain rights to the use of water which, prior to its purchase, had been directly applied to the irrigation of lands. Instead of continuing to so use this water, it has ceased its direct application during the period it was theretofore applied, and stores the water, which it would have the right to thus apply, for use later in the same season. This change is in no manner detrimental to the rights of the appellee. It is not thereby deprived of any water which it would have the right to divert and apply to lands during the irrigating season, as against the rights of the appellant. By the change no greater burden is imposed upon the common source of supply of the respective ditches. It must, therefore, logically follow, that the appellant is entitled to divert the water represented by its purchase, and store for use later in irrigating crops, measured by volume and time, which it would have the right to apply directly to lands for purposes of irrigation at the time of such diversion.

The case presented is not one, as seems to have been the view of the trial court, where appellant seeks to convert a junior reservoir right to a senior

appropriation for storage, but merely involves the right of appellant to utilize a priority for irrigation by using it at a later period. It appears from the record that the stockholders of appellant, instead of planting crops which require irrigation during the early part of the season, utilize their lands by growing crops which do not require irrigation until about August, when the direct supply through the ditches is not sufficient to furnish the volume of water necessary to irrigate such crops. And so, instead of applying the water to which they are entitled for direct irrigation in the early part of the season, they store this water for use later to mature crops, like beets and potatoes, which do not require irrigation until about the month of August. It would be unfortunate, indeed, if the law were such that it could not be adapted to changed conditions resulting from the character of crops grown by those engaged in agricultural pursuits. If water for direct irrigation can only be utilized for that purpose, the result would be to retard agricultural progress and limit the growth of agricultural products to those which can be matured by means of direct irrigation early in the season. If the judgment of the trial court should be sustained upon the theory that one owning a priority for direct irrigation may not cease to utilize it for that purpose upon crops in May, June and July, and store it for use during the same season thereafter, the result would be to take from the owner of such a priority his rights and confer them upon others growing crops of a different nature. Such a rule would make the right to the use of water dependent upon the character of crops grown instead of upon the right to utilize it in any manner which does not injuriously affect the vested rights of others. In principle the case is no different from that of *Strickler v. Colorado Springs, supra,* wherein the

right to change the use of water from agricultural to domestic purposes was recognized. If the right to change from agricultural to domestic, and from mining to agricultural, uses, and *vice versa,* is legal, certainly no good reason can be advanced why the change from one agricultural use to another may not be allowed.

The trial court seems in a measure to have been guided in rendering the judgment it did by § 2270, Mills' Ann. Stats., which provides that persons desiring to divert water for storage may take "from any of the natural streams of the state and store away any unappropriated water not needed for immediate use for domestic or irrigating purposes." We do not think this section is involved, because appellant is not asserting any right to the water in controversy by virtue of any appropriation for reservoir purposes, but is merely seeking to utilize priorities which it is conceded it is entitled to for direct irrigation purposes by storing the volume to which it is thus entitled for use at a later period. We are of the opinion that the appellant is entitled to so utilize these priorities; that is to say, entitled to store, during the direct irrigation season, the quantity of water, measured by volume and time, which it would be entitled to divert during that period for the purpose of direct irrigation.

The judgment of the district court, in so far as it involved the rights of the parties to this appeal to the water represented by the stock purchased by appellant in The Louden Irrigation Canal Company, and the purchase of water in the Barnes ditch, is reversed and the cause remanded, with directions to the trial court to enter a judgment in favor of appellant with respect to these matters in accordance with the views expressed in this opinion.

Decision *en banc.*        *Judgment reversed.*

Chief Justice Steele and Mr. Justice Campbell and Mr. Justice Caswell dissent.

*On Petition for Rehearing.*

Mr. Justice Gabbert delivered the opinion of the court:

The arguments of counsel for appellee and *amici curiae* in support of the petition for rehearing of appellee, are evidently based upon an erroneous assumption of what has been determined in this case. It is contended that adjudication decrees are disturbed, and that appellant, by the decree directed, will be awarded an enlarged use of water represented by its purchases, both in quantity and time. It must be borne in mind that this decision is based upon the fact, which is undisputed, that the stockholders of appellant are growing crops which do not, from their nature, require irrigation during the early part of the season, but do, later; and that they desire to utilize the water in controversy for this purpose. Based upon these facts we have declared—what has time and again been decided by this court—that the character and method of use of a priority to the use of water may be changed, provided such change does not injuriously affect the rights of others, and that appellant is entitled to divert and store the water represented by the priorities purchased for the use of its stockholders for application to crops later, but in no greater quantity and at no other or different time than could be diverted and applied to land directly to nourish crops requiring irrigation at the time of such diversion; or, otherwise expressed, appellant is permitted to divert and store the water in controversy, but this right is measured and fixed by the limitations which the law would impose upon its

use for diversion and application to crops requiring irrigation at the time of such diversion. This does not conflict with any previous decisions of this court; but, on the contrary, is sustained by *The Colo. M. & E. Co. v. The Larimer & Weld I. Co.*, 26 Colo. 47. See, also, Mills' Irrigation Manual, § 56. This does not enlarge the use of the priorities of appellant, either in time or quantity; neither does it confer upon it the right to divert and store the water represented by its priorities every day during the irrigation season, or to convert such priorities into a storage right during the non-irrigating season, as contended by counsel, but limits its rights strictly to the diversion of water, both as to volume and time, to the same quantity and the same time we have indicated. Thus, it is apparent, that no rights are infringed, that no one is deprived of water to which he is entitled by reason of the change in the method of use, and that to supply appellant with the water which it will be entitled to store under the decree directed, there cannot possibly be any greater burden imposed upon the common source of supply of the respective ditches owned or controlled by the parties to this appeal. Neither are any priorities disturbed; but, on the contrary, the decree directed leaves the relative rights of the parties to this appeal precisely as they were; whereas, if the judgment of the lower court should be affirmed, the result would be, where an appropriator had no use for water represented by his priorities in the early part of the season because of the fact that he was growing crops of a character which did not require irrigation during that period, and he could not store it at that time for use upon these crops when, later, it was necessary to irrigate them, to take from him and give to another.

It is contended by counsel that the decision in this case is contrary to *The New Loveland & Greeley I. & L. Co. v. Consolidated Home Supply Ditch Co.*, 27 Colo. 525, and *The Fort Lyon Canal Co. v. Chew*, 33 Colo. 392. In the *New Loveland case* it was determined that the appropriation of water for the irrigation of lands during the irrigation season gave the appropriator no priority of right to store water during the non-irrigating season for future use. This does not conflict with the opinion in the case at bar. No right to store water during the non-irrigating season is conferred. The gist of the decision in the *Chew case* is, that the owner of a water right would not be permitted to make it do double duty. When he had applied it for the purpose for which it was appropriated, he could not loan or lease it to another for irrigation purposes; but that is not this case. The stockholders of appellant do not at once apply the water diverted, but appellant is allowed to divert and store for their use the volume of the priorities in question which it would be entitled to divert for application by its stockholders to land directly, to mature crops requiring water at the time of such diversion; so that but one use of the appropriations in question is made, and that use does not, under the limitations we have specified, result in any greater draft upon the river than if the water had been directly applied to land at the time of diversion.

It is also urged that no decree of the character directed should be entered until all the parties whose rights might be affected thereby are before the court. No question of that character was suggested at the original hearing, and it will not be considered on an application for a rehearing. Besides, we do not believe appellee is in a position to urge that question. Appellee instituted the action from which this appeal was prosecuted, making the appellant the only

party.   The purpose of the action was to prevent the appellant from diverting the water represented by its purchase during the irrigation season for storage as against the appellee, and hence, it is not in a position to now contend that the rights which it now seeks to have determined as between the appellant and itself should not be adjudicated without the presence of other parties whose rights might be affected by such adjudication.

Counsel *amici curiae* also say (quoting from their brief):

"Many members of the legal profession, and many irrigators, contend that this decision enables the holder of old decrees for excessive priorities—decrees obtained in the early days, when water rights were not so valuable as now, nor so carefully guarded—to successfully assert that the full amount of water decreed may be now used, notwithstanding that but a portion of it has ever been heretofore used. They maintain that the old priorities, whether used or not, are recognized by this decision to such an extent that the owners of those priorities are, as against even subsequent appropriators who have used the water for years, entitled to now utilize it upon lands described in the decree, or other lands owned by them."

Such a case is not before us, but we can only say that we fail to comprehend wherein the opinion is susceptible of such a construction.   It would be impossible, in any one opinion, to determine all the questions which may arise with respect to water rights.   Each case of this character must depend upon its own particular facts.

A majority of the court is of opinion that the petition for rehearing should be denied, and it is so ordered.                                        *Rehearing denied.*