808 P.2d 1336

**Randall O. KNIGHT,
Appellant–Appellant
on Appeal,**

v.

**DEPARTMENT OF INSURANCE,
STATE OF IDAHO, Respondent.**

No. 18315.

Court of Appeals of Idaho.

March 27, 1991.

Petition for Review Denied May 7, 1991.

Russell J. Gallagher, Coeur d'Alene, for appellant-appellant on appeal.

Jim Jones, Atty. Gen., Roger Lee Gabel (argued), Deputy Atty. Gen., Boise, for respondent.

SWANSTROM, Judge.

Idaho Code § 41–244, which is part of the insurance code, governs the role of the district court and the scope of its review in an appeal to the district court from an order of the Department of Insurance. Although repealed by the Legislature (1988 Idaho Sess.Laws, ch. 158, § 2) and subsumed by provisions of the Administrative Procedure Act (APA) dealing with appeals from agency decisions, this statute is nevertheless the source of the controversy before us. We are asked to decide whether the district court was authorized to remand to the department, or whether the district court, hearing the case de novo, was obligated by statute to resolve the case and enter judgment as would a trial court. We affirm the order of the district court remanding the case to the department for a new hearing.

In this case, a hearing officer found that Randall Knight, an agent for Royal Insurance Company of America, had misappropriated premium trust funds and converted them to his personal use. For this conduct,

which is a violation of an agent's fiduciary duties under I.C. § 41–1064, the hearing officer issued an order revoking Knight's license, imposed a fine and referred the matter for criminal prosecution. In a separate action brought by Royal Insurance Company in the federal district court, Royal was awarded $44,552 as the amount of premiums wrongfully withheld by Knight, and Royal also received an award of punitive damages. The transcript of the federal court proceedings made up part of the evidence submitted by the department in the original hearing against Knight.

Knight appealed the decision of the hearing officer by filing a petition for review in the district court. Although Knight had never denied that he had appropriated premium funds belonging to Royal for his own use, Knight contended in his appeal that the findings of the hearing officer were in error, claiming twelve assignments of error. The district court, prior to rendering its opinion on the appeal, heard and denied Knight's motion for stay pending appeal and a motion for reconsideration. The court also entered a memorandum decision, dated November 2, 1988, addressing the standard of review to be applied by the district court under the controlling statute, former I.C. § 41–244, which provides as follows:

> The court shall give precedence to, and may summarily hear and determine the appeal. The court shall hear the appeal de novo in the manner provided by law for the trial of suits in equity, upon the transcript of the record of the director's hearing, if any, and on such additional proper evidence as may be offered by any party. After considering the evidence the court may affirm, modify, or set aside the order appealed from, or issue such other order as the court deems proper.

The district judge was thereby entitled to hear and determine the appeal de novo. However, having been provided with no good reason to open the record, the district judge declined to hear any additional evidence, and restricted his review to the record of the department's hearing. Subsequently, the district judge vacated the order of the hearing officer because of reversible error. The district judge held that a transcript of the federal court proceedings, which had been admitted without the proper authentication and certification, could not stand as the basis for the decision of the hearing officer. Because there was otherwise insufficient evidence to support the hearing officer's findings, the district judge remanded the matter for a new hearing by the department.

It is the order remanding for a new hearing, following an appeal de novo, that is the sole issue in Knight's appeal. The essence of this issue is the interpretation of I.C. § 41–244 and the application of the law to undisputed facts. Accordingly, our standard as an appellate court in declaring the law is one of free review. *O'Loughlin v. Circle A Construction,* 112 Idaho 1048, 739 P.2d 347 (1987); *Hix v. Potlatch Forest, Inc.,* 88 Idaho 155, 397 P.2d 237 (1964). *See also* Standards of Appellate Review in State and Federal Courts, § 3.2 p. 3–3, *Idaho Appellate Handbook* (Idaho Law Foundation, Inc., 1985).

Knight argues that the former statute, I.C. § 41–244, gave no authority to the district court to remand, and that a remand for a new hearing would provide the department "a second bite" at having the federal transcript properly authenticated. We understand Knight's argument to be that, once the district judge concluded that the transcript had been admitted in error and was thus to be eliminated from consideration, the court was, in the manner of a trial judge, to render a decision based only on the admissible evidence in the record. Where insufficient evidence remained, the district judge could not conclude that Knight had misappropriated funds. The judge could conclude, however, that the department had not met its burden of proof of its complaint against Knight, and enter judgment in favor of Knight. We hold that Knight's argument is not well-founded.

No Idaho case has discussed the meaning of "appeal de novo" under I.C. § 41–244. The Idaho Supreme Court, however, did consider an appeal from the Department of Water Resources under I.C. § 42–222(3), which provided that "such an appeal shall be heard and determined de novo."[1] The Court explained:

> The term "de novo" generally means a new hearing or a hearing for the second time, contemplating an entire trial in the same manner in which the matter was heard and a review of previous hearing. [Citation omitted.] On such a hearing the court hears the matter as a court of original and not appellate jurisdiction. [Citation omitted.]

*Beker Industries, Inc. v. Georgetown Irrigation District*, 101 Idaho 187, 190, 610 P.2d 546, 549 (1980). This interpretation is equally applicable to the appeal de novo defined in I.C. § 41–244 and is consistent with the express language therein authorizing a review of the record and the taking of new evidence. Moreover, in a de novo review, the appellate court can make independent findings of fact and conclusions of law and open up the whole case both as to law and fact by accepting new or additional evidence. 5 AM.JUR.2D *Appeal and Error* § 703 (1964).

The role of the district judge hearing an appeal de novo is much like that of the trial judge. The "de novo" language goes to the manner in which the proceeding is to be conducted, but does not change the appellate nature of the proceeding. Upon an appeal from a governmental agency involving a trial de novo, the scope of review of the district court shall be to render a decision in the action as a trial court as though the matter had been initially brought in the district court. I.R.C.P. 83(u)(2). The district judge in such an appeal is empowered to affirm, reverse, remand or modify the order appealed from, and is further given the discretion to remand the case for a new administrative hearing or direct that the case be tried de novo before him. I.C. § 1–2213(2).

In the final analysis, the statute controlling in Knight's dispute with the department, I.C. § 41–244, describes what action the district court may take to resolve the hearing on appeal. These acts, affirming, modifying, and setting aside, are the acts of a reviewing body. Furthermore, by the express words of the statute providing for the issuance "of such other order as the court deems proper," the district judge in Knight's case had authority to order a remand and a new departmental hearing.

As we have said, after reversing the admission of the transcript of the federal court case as error, the district judge, on review, was confronted with a record that was otherwise insufficient as a basis from which to draw conclusions to decide the case. We hold that the remand order from the "appeal de novo" was proper. The remand for a new hearing is also consistent with comparable provisions of the APA, I.C. § 67–5215(g), dealing with appeals of other agency decisions. Insufficient evidence under both I.C. § 41–244 and the APA warrants a remand to the lower tribunal to hear additional evidence sufficient to support findings of the tribunal. We affirm the order of the district court.

█ Both parties seek attorney fees on appeal. However, attorney fees under I.C. § 12–121 are not available to parties in an appeal from an agency decision. *Lowery v. Board of County Commissioners for Ada County,* 117 Idaho 1079, 793 P.2d 1251 (1990). The process of such an appeal is not begun by a complaint filed in a court action, as required by I.C. § 12–121. *Id.* We therefore will not award attorney fees to either party on this appeal. Costs to respondent.

WALTERS, C.J., and SILAK, J., concur.

---

1. The "de novo" standard of review contained in I.C. § 42–222(3) was repealed in 1980. The statute was amended to provide for review under the provisions of the APA.