8   153
68h 273
8b 153
35ap 10
8b 153
39ap121
8b 153
60ad388

8b      153
40 Mis⁵438

MONTGOMERY SPECIAL TERM, February, 1850.   *Paige*, J.

### MILLER *vs.* GARLOCK.

' Time out of mind, or legal memory, for the purpose of supporting a prescription, in this state, previous to 1830, was 25 years, and is now 20 years.

' An uninterrupted use and enjoyment of a right of private way over the land of another for 20 years, becomes an adverse enjoyment, sufficient to raise a presumption of a grant.

' But such use, to be conclusive evidence of a right, must have been continuous, uninterrupted and exclusive; that is, under a claim of right, with the knowledge and acquiescence of the owner.

' When a right to a private way is acquired by prescription, or by a user of 20 years, it can only be lost by a non-user of 20 years, or by a release.

' The use of an easement for 20 years, unexplained, will be presumed to be under a claim or assertion of right, and adverse, and not by the leave or favor of the owner. And such a use will not only give a title by prescription, but will authorize the presumption of a grant.

A void proceeding for laying out a private road, or a void grant, may form the basis of an adverse use and enjoyment of an easement in land.

The consent of the owner of land, to the laying out of a private road across his land, may be presumed from his acquiescence, and the acquiescence of those deriving title from him, in the uninterrupted use of the road as a private road, by others, for upwards of 40 years.

Such consent will render the proceedings for laying out the road valid.

THIS cause was tried at the Montgomery circuit, by the court; a trial by jury having been waived by the parties. The action was for entering the plaintiff's close, and breaking and destroying his fences. The defendant set up in his answer, in justification, that he was entitled to a right of way over the plaintiff's land, and that the fences referred to in the complaint were erected across the road, by the plaintiff, and that the defendant removed them as an obstruction in the road. It appeared by the evidence that in 1800 Samuel Clark owned the farm now owned by the defendant, which adjoins the plaintiff's farm on the east; and that Matthias Lane owned the farm next east of Clark's; that in that year, and on the 4th of November, Welles and Dunkle, two commissioners of highways, on the application of Samuel Clark and Matthias Lane, laid out a private road from Lane's farm west, over the farm of Clark and

the farm of the plaintiff, then owned by one Hickee, and also over the farm of one Seber until it intersected a public highway. The damages for the land occupied by the road were assessed and paid. The road, since it was laid out, has been used by the occupants and owners of the farms of Lane, Clark and Hickee. The defendant owned the Clark farm, and has lived on it 32 years. His father and C. M. Lane purchased it from Clark in 1817. The defendant purchased his father's moiety in 1827, and Lane's moiety in 1835. The defendant has used the road for 31 or 32 years. The road was fenced on both sides, at both ends, 25 or 30 years ago. On one side it was fenced 25 or 30 years ago across the entire farm of the plaintiff. The road over the defendant's farm, at the time of the trial, was shut up. During three years succeeding 1818, the persons living on the road were assessed to work it. And in 1839, on the application of the defendant the road was set off into a separate road district. In 1848 highway labor was assessed on the road, and against the persons living on it, and the defendant was pathmaster of the district, embracing the road, that year. In 1849, and before the commencement of this suit, on the application of the plaintiff the road was discontinued as a public highway, by the commissioners of highways.

*H. Adams*, for the plaintiff.

*T. B. Mitchell*, for the defendant.

*By the Court*, PAIGE, J. A right of private way may arise either by prescription, or grant of the owner of the soil, or from necessity. (3 *Kent's Com.* 419. 2 *Hil. Ab.* 60.) A prescription rests upon the supposition of a grant. It is founded on the immemorial use of the way by the claimant and his ancestors, or by those whose estate he hath, which last is called prescribing in a *que estate*. Immemorial use is a use time out of mind, or from a time whereof the memory of man is not to the contrary. (3 *Black. Com.* 264, *Chit. ed. and note* 3.) Time out of mind, or legal memory, in England, under the statute of

Miller *v.* Garlock.

limitations of 32 Hen. 8, is 60 years. In Massachusetts it has been held that the time of legal memory must be fixed, in analogy to the time prescribed for bringing a writ of right. (*Melvin* v. *Whiting*, 10 *Pick.* 295. *Kent* v. *Wait, Id.* 138.) According to the decisions in these cases, the time of legal memory in this state, previous to 1830 was 25 years, and now must be 20 years.

An uninterrupted use and enjoyment of a right of private way over the land of another, for 20 years, becomes an adverse enjoyment, sufficient to raise a presumption of a grant. The use for 20 years, to be conclusive evidence of right, must have been continuous, uninterrupted and exclusive; that is, under a claim of right, with the knowledge and acquiescence of the owner. The time of the enjoyment is deemed to be uninterrupted when it is continued from ancestor to heir, and from seller to buyer. (3 *Kent's Com.* 442, 3, 4. 2 *Hil. Abr.* 60, 61. 3 *East*, 297, 300. 2 *Pick.* 460. 14 *Mass. Rep.* 49. 7 *Wend.* 59. 3 *Mason*, 272.) The period of 20 years required for the presumption of a grant, is adopted in analogy to the statute of limitations of 20 years which bars an action of ejectment. The use of an easement for 20 years, unexplained, will be presumed to be under a claim or assertion of right, and adverse, and not by the leave or favor of the owner. (3 *East*, 297, 300. 14 *Mass.* 53. 2 *Hil. Abr.* 60, § 22.) The right to the easement will be confined to the extent and the mode of the enjoyment during the 20 years. (3 *Kent's Com.* 443.) When a right to a private way is acquired by prescription or by a user of 20 years, it can not be lost by a non-user short of 20 years. A non-user of 20 years, unaccounted for, will afford a presumption of a release or surrender of the right. But the mere non-user of an easement even for 20 years, will not necessarily raise a presumption of its extinguishment, unless there has been in the mean time some act done by the owner of the land charged with the easement, inconsistent with, or adverse to, the existence of the right. And in that case a release or extinguishment of the right will be presumed. (3 *Kent's Com.* 448, 2d ed. 2 *Pick.* 466,

---
Miller *v.* Garlock.
---

*note. Coke's Lit.* 114 *b.* 3 *Pick.* 166. 2 *Bar. & Ald.* 791. 2 *Hil. Abr.* 63, § 38. 15 *Mass. Rep.* 130. 3 *Mason,* 272.)

In this case the uninterrupted use of the road in question by the defendant and the previous owners of his farm, for upwards of 40 years, without any evidence that it was used by the mere indulgence of the plaintiff, and of those from whom he claims his title, or otherwise than under a claim or assertion of right, not only gives a title to the defendant by prescription, but also authorizes the presumption of a grant of the road as a private way to Clark and M. Lane as appurtenant to the farms which they owned and occupied. The uninterrupted use and enjoyment of the road in question by the defendant alone for upwards of 20 years, with the knowledge and acquiescence of the plaintiff, independent of the previous use of the road by the defendant's father, and by Clark, furnishes presumption of a grant of the way by the plaintiff to the defendant. This presumption of a grant to the defendant is not rebutted by the original proceeding under the statute, laying out the road as a private way, although that proceeding should be regarded as absolutely void. A deed not only defective but void on its face, may form a good basis of an adverse possession of land. (24 *Wend.* 611. 8 *Cowen,* 589.) In analogy to this rule of law, a void proceeding laying out a private road, or a void grant, may form the basis of an adverse use and enjoyment of an easement in land. The use of the easement, in this case, by the defendant, the law will regard as adverse to the plaintiff, and as under a claim of right, to the extent of its use, as it was with the knowledge and acquiescence of the plaintiff, and as there is no evidence to show that the road was used by the defendant, by the mere indulgence of the plaintiff, or otherwise than under an assertion of right. (3 *Kent's Com.* 443, 4. 9 *Pick.* 251. 2 *Hil. Abr.* 60, 61. 3 *East,* 297.)

The defendant's right to the use of the road in question may be maintained on another ground. The consent of Hickee (the owner of the plaintiff's farm when the road was laid out) to the laying out of the road as a private road, may be presumed from his acquiescence, and the acquiescence of all those, including the plaintiff, who dervied title from him, in the unin-

Miller *v.* Garlock.

terrupted use of the road as a private road by the defendant and those under whom he claimed, for upwards of forty years. This consent rendered the proceedings laying out the road, valid. (6 *Hill,* 47.)

In the absence of proof to the contrary, it will be presumed that the third commissioner of highways was present when the two other commissioners laid out the road as a private road. (9 *Wend.* 17.  17 *John.* 468.)  The right acquired by Clark to the use of this road as a private way passed as an easement appurtenant to his farm, by his deed to C. M. Lane and to the defendant's father in 1817, and by their deeds to the defendant in 1827 and 1835.  (*Kent* v. *Wait,* 10 *Pick.* 138.)

It is to be presumed, from the use of the road by Hickee, that he signified his intention to use it before the damages were assessed, as required by the statute.  His use of it was not inconsistent with the right of Clark to use it as a private road.

The proof is insufficient to show that this road was a public highway.  No public highway can be created unless it has been laid out and allowed by some law of the state, and recorded, or has been used as such for 20 years or more.  (1 *R. S.* 521, § 100, 1*st ed.  Id.* 528, § 29.  3 *Hill,* 604.)  The road not being a public highway, the proceeding for its discontinuance as a public highway was a nullity.  (1 *R. S.* 518, §§ 81, 82, 1*st ed.*) The plaintiff having acquired a perfect right to the use of the road as a private way, that right could only be extinguished by a non-user of 20 years, or by a release ; neither of which is shown by the evidence.

The defendant having a right to the use of the road as a private road, he had a right to remove all obstructions placed in the road by the plaintiff to prevent his use of it.

Judgment must be entered for the defendant.