MARY C. CHEW

*v.*

HENRY COOK et ux.

An alley lying between two houses had been used for over forty years by the adjoining owners, for access to the rear of their houses, and to the lots behind, and belonging thereto. Both houses were destroyed by fire.—*Held,* that the easement in the alley was not thereby lost, and that whether complainant had forfeited her right thereto by placing the foundation of her house in the alley, in rebuilding (the evidence thereof being conflicting), should be determined by an issue at law before she could enjoin the defendant from appropriating the part of the alley next to his lot in rebuilding.

NOTE.—In *Bangs* v. *Parker*, *71 Me. 458,* a deed contained this clause: "Reserving a pass-way from the road aforesaid, over or by said lot to the *barn standing on the adjoining lot,* being said Mary's [the grantor's] dwelling-house lot."— *Held,* that the easement was not lost by the destruction of the barn which stood thereon at the time of the reservation. See *Crain* v. *Fox, 16 Barb. 184; Henning* v. *Burnet, 8 Exch. 187; Pierce* v. *Dyer, 109 Mass. 377; Crossley* v. *Lightowler, L. R. (2 Ch. App.) 478.*

The destruction of a party wall destroys the easement therein, *Brondage* v. *Warner, 2 Hill 145; Sherred* v. *Cisco, 4 Sandf. 480; Hoffman* v. *Kuhn, 57 Miss. 746; Hieatt* v. *Morris, 10 Ohio St. 523; Partridge* v. *Gilbert, 15 N. Y. 601;* but see *Pope* v. *O'Hara, 48 N. Y. 446; Stevenson* v. *Wallace, 27 Gratt. 77.*

Building *over* an alley which separates two houses, is not ordinarily an abandonment or loss of the easement therein, *Stevenson* v. *Stewart, 7 Phila. 293; Atkins* v. *Boardman, 20 Pick. 291, 2 Metc. 457; Beecher* v. *People, 38 Mich. 289; Gerrish* v. *Shattuck, 132 Mass. 235;* see *Kean* v. *Asch, 12 C. E. Gr. 57; Kana* v. *Bolton, 9 Stew. Eq. 21; Ballard* v. *Butler, 30 Me. 94; Dowling* v. *Hen-*

Chew *v.* Cook.

Bill for relief. On final hearing on pleading and proofs.

*Mr. F. C. Woolman,* for complainant.

*Mr. F. Voorhees,* for defendants.

THE CHANCELLOR.

The bill is filed for an injunction to prevent the defendants from obstructing an alley by the erection of a building upon that part of it which is upon Mrs. Cook's lot. The premises are on York street, in the city of Burlington. The bill states that in 1844 the complainant's lot was owned by Henry M. Stowell, and the Mrs. Cook's (which adjoins it on the south) by Wade Jones, and that there was between the houses erected on the two lots an alley or passage-way of about four feet in width and about equally on each lot, the dividing line of the two properties being about the middle of the alley ; and that for over forty years the respective owners of the lots used the alley in common, there being gates on each lot at the rear of the alley for passage into and from it. The bill further states that on the the 10th of December, 1876, the houses on both lots were destroyed by fire, and that within six months from the time of such destruction, the complainant erected a new house on her lot upon

*nings,* 20 *Md.* 179 ; *Grove* v. *Fort Wayne,* 45 *Ind.* 424; *Richardson* v. *Pond,* 15 *Gray* 387.

Building *in* the alley, or on a part thereof, is an abandonment, *Corning* v. *Gould,* 16 *Wend.* 531; *Krehl* v. *Burrell, L. R. (7 Ch. Div.)* 551; *Allan* v. *Gomme,* 11 *Ad. & El.* 759 ; *Vogler* v. *Geiss,* 51 *Md.* 407; *Steere* v. *Tiffany,* 13 *R. I.* 568 ; *Hall* v. *McCaughey,* 51 *Pa. St.* 43 ; *Dillman* v. *Hoffman,* 38 *Wis.* 559 ; see *Smith* v. *Wiggin,* 52 *N. H.* 112 ; *Arnold* v. *Cornman,* 50 *Pa. St.* 361 ; *Lattimer* v. *Livermore,* 72 *N. Y.* 174; *Ebner* v. *Stichter,* 19 *Pa. St.* 19 ; *Henry* v. *Koch (Ky.),* 22 *Am. Law Reg. (N. S.)* 394, 399, *note; Craven* v. *Rose,* 3 *Rich (N. S.)* 72; *Taylor* v. *Hampton,* 4 *McCord* 96 ; *Hacke's Appeal (Pa.),* 18 *Cent. L. J.* 257 ; *Carlin* v. *Paul,* 11 *Mo.* 32 ; *Kirkpatrick* v. *Brown,* 59 *Ga.* 450, 453 ; *Dodge* v. *Stacy,* 39 *Vt.* 558 ; *Hayford* v. *Spokesfield,* 100 *Mass.* 491; *Bowen* v. *Team,* 6 *Rich.* 298.

That a unity of seizin does not always destroy an easement, see *Ferguson* v. *Witsell,* 5 *Rich.* 280 ; *Kieffer* v. *Imhoff,* 26 *Pa. St.* 438 ; *McCarty* v. *Kitchenman,. 47 Pa. St.* 239 ; *Brown* v. *Berry,* 6 *Coldw.* 98.—REP.

the foundation walls of the old one, still leaving the alley unobstructed for use in common with the owners and occupants of the other lot. The answer admits the existence of the alley from 1842 to the time of the fire, and that it was about four feet wide, and about equally upon each lot. It states that the division line between the lots was about in the middle of the alley. It then proceeds to describe the alley more particularly, and alleges that the southeastwardly corner (on the street) of the house which was on the complainant's lot up to the time of the fire, was about two feet and six inches distance northwardly from the division line ; that the southwardly line of the main part of the house extended thence westwardly about sixteen feet, and the rear of that part of the house was about one foot and nine inches from the division line ; that the exterior line of the house then extended northwardly for about six feet, and then westwardly about twelve feet to the rear line of the house; that is, that there was an extension of about twelve feet deep in the rear of the main part of the house, the southerly side of which extension was six feet from the division line of the properties. The answer further states that the northeastwardly corner of the house on the Mrs. Cook lot was about two feet from the division line, and that the northwardly line of the house extended back westwardly nearly parallel with the division line, about sixteen feet, to the northwesterly corner of the main part of that house ; that then the outward line of the house extended southwardly about two feet, and thence westwardly about twelve feet to the rear end of the house, leaving a vacant space between the two houses of about four feet and six inches in width at the York street end, and about three feet and nine inches wide at a point sixteen feet in the rear ; that the alley extended further between the two houses, in all about twenty-two feet; that it was used in common by the occupants of the two houses ; that there were gates at the rear, as stated in the bill, and that the alley and gates and such use thereof continued up to the time of the fire. The answer alleges that the use of the alley was by common consent of the owners and occupants of the houses, for their mutual convenience, without any grant from one party to the other, and without any

Chew *v.* Cook.

adverse claim, and that the alley is not mentioned in any of the deeds for either property. It denies that the complainant's new house was erected wholly upon the foundation wall of the old one, and avers that the southwardly foundation wall of the old building, from York street westwardly, along the northwardly side of the passage-way, was, for the distance of about sixteen feet, left standing, but that towards the westwardly end it was widened and built out over and upon the passage-way, and that from the westwardly end of the wall a new foundation wall was erected, running westwardly across and over a part of the alley for a distance of about thirteen feet, to a point about twenty-nine feet westwardly from the street, which point is about one inch northwardly from the division line between the lots; so that the southwardly line of the house extends, from a point in the west line of York street, about two feet and six inches northwardly, from the division line of the properties westwardly, in a straight line about at right angles to the street, twenty-nine feet to a point distant about one inch from the division line, and that the southwardly side of the complainant's dwelling-house extends southwardly, over the foundation wall, one or two inches. The answer insists that the complainant, by thus obstructing part of the alley with her building, abandoned all claim to the alley, and it admits that the defendants were, when the bill was filed, about to build a house on Mrs. Cook's lot, the northeastwardly corner whereof (on York street) would be within three inches of the dividing line and the northwesterly corner about eight inches therefrom; the building to extend back thirty-three feet from the street.

It will have been seen that the only defence set up by the answer is that the complainant has forfeited all right to the alley by building upon it. On the hearing, another defence was urged, viz., that the destruction of the two buildings by fire destroyed the easement.

The alley has been used by the complainant and those under whom she claims for over forty years, without interruption, and without intermission, except for the time (about six months) which intervened between the destruction of the building on her

lot by fire, and the reconstruction thereof. It has been used so long that a grant of the reciprocal right to use for the alley so much of the land of each of the parties as is within the lines of the alley, is to be presumed. The alley has not only been used as a way to and from the rear of the complainant's house, but it has been recognized and used as such by the owners of Mrs. Cook's lot. Under the circumstances a grant must be presumed to the owner of each lot, of an easement in that part of the passage-way which is upon the other lot. *Barnes* v. *Haynes, 13 Gray 188 ; Miller* v. *Garlock, 8 Barb. 153 ; Townsend* v. *Bissell, 6 Thomp. & C. 565.* Nor did the complainant lose her right by the destruction of her house by fire. Nor was it lost by the destruction of both houses. The cases cited by the defendants' counsel do not lay down the doctrine that such an easement is lost by the destruction of the buildings. Almost all of them have reference to party walls.

The question to be decided is whether the new house was built on the foundation of the old one ; that is, whether the complainant has, by her own act, deprived herself of all claim to the easement in Mrs. Cook's land by withdrawing her land from the joint use and rendering the mutual and reciprocal use impossible.

The complainant alleges, and has endeavored to prove, that her house was rebuilt exactly on the old foundation. The defendants, on the other hand, allege, and have undertaken to prove, that the complainant, in reconstructing her house, while she left about sixteen feet in length of the easterly end of her southerly foundation wall as it was before the fire, built that wall at the westerly end about two feet further south than it was before, and extended it about thirteen feet, to a point about twenty-nine feet westwardly from York street, and about one inch northwardly from the division line, so that the southerly side of the house is, at York street, about two feet and six inches northwardly from the division line, and thence runs in a straight line nearly at right angles with the street about twenty-nine feet westwardly, to a point about one inch from the division line. I am unable, upon the evidence submitted, to determine whether the com-

plainant's house was set exactly, or nearly so, upon the foundation of the old one, or not.    The testimony is extremely conflicting and contradictory, and is otherwise unsatisfactory.

An issue at law will be ordered to ascertain how the fact is, and the cause will stand over for decision until the coming in of the verdict.