MECHELINA VOCI, Plaintiff, v. DANIEL V. PAGE and DONATA M. PAGE, Defendants.

Supreme Court, Oneida Special Term, September 24, 1924.

Vendor and purchaser — action against vendor for damages by reason of alleged breach of covenant of possession under land contract — vendor set up equitable defense asking reformation of contract on ground of mutual mistake — tenant, holding two-year lease, at execution of contract, refused possession to purchaser though contract provided for " possession of said premises from and after October 1, 1923 " — property purchased subject to outstanding leases — natural interpretation of words of contract does not express actual agreement to purchase — defendant sustained burden of proof required to reform contract.

The vendor in an action by the purchaser for damages alleged to have been suffered by reason of an alleged breach of the covenant of possession under a land contract is entitled to a judgment conforming the contract with the clear intent of the parties, where it appears that the vendor set up an equitable defense asking for a reformation of the contract on the ground of mutual mistake; that the contract provided for " possession of said premises from and after October 1, 1923;" that possession was refused the purchaser by a tenant occupying the premises at the execution of the contract under a two-year lease; that the evidence indicates that the property was purchased subject to the outstanding leases; that there was nothing to show any misunderstanding or ignorance on the purchaser's part or concealment on the part of the vendor; and that to give a natural interpretation to the unambiguous words of the contract would not express the actual agreement of the parties.

An action of reformation constitutes an effort to vary the terms of a written instrument, and so salutary and of such great weight is the rule that parol evidence must not be admitted to vary the terms of a written instrument that, although the rule does not apply in actions of reformation, the burden upon him who seeks to reform a written instrument and to show that it does not express the intent of the parties, is very heavy. The court in reforming instru-

ments must have this rule in mind so as not to permit its evasion under the guise of reformation. The proof of mistake and that the written word does not represent the real intent of the parties must leave no doubt in the mind of the court.

ACTION for damages for breach of covenant of possession under land contract in which an equitable defense was set up by the defendants asking for a reformation of the contract on the ground of mutual mistake, which issue was sent to Special Term as a separate issue by order of the Trial Term.

*James T. Cross,* for the plaintiff.

*M. J. Larkin,* for the defendants.

SMITH, J. The parties entered into a land contract dated August 25, 1923, whereby defendants agreed to sell to the plaintiff a two-story building and lot known as 201 East Dominick street, in the city of Rome, N. Y., for the sum of $10,000, $500 to be paid down at the execution of the contract, and $65 the 1st of October, 1923, and $65 on the first of each month thereafter until the whole principal sum was paid together with interest payable quarterly. The property at the time of the contract was occupied by three tenants, two of whom had tenancies by the month, and the third of whom, Albert C. Bove, had a written lease of a store and one-half of basement at a rental of $600 a year payable in monthly installments, which lease was dated May 23, 1922. The term of the lease was for two years ending June 30, 1924, with the privilege on the part of the lessee to renew the lease for three additional years on sixty days' notice, and at the end of said three years, the lessee has the option of renewing the lease for an additional term of five years upon certain conditions. The lessee had been in possession of the premises leased to him since the execution of said lease. The contract contained the provision that the purchaser should have " possession of said premises from and after October 1, 1923." Possession having been refused by said lessee, this action was brought against the sellers to recover damages on account of an alleged breach of the covenant of possession.

The answer sets up that at the time the contract was made the premises were in possession of divers tenants; that such possession was visible, open and notorious, and known to the plaintiff; that the plaintiff had actual knowledge of the aforesaid mentioned lease, and that he entered into the agreement of purchase of said premises from the defendants subject to the possession of said premises by all tenants occupying the same and subject to the terms of said lease; that the provision that the contract of sale was subject to the leases then outstanding was omitted therefrom,

although intended by the parties that said provision be inserted and made a part thereof; that the scrivener in making the said contract omitted to insert said provision in said contract or agreement, and asks relief that the contract be reformed by inserting therein a provision to the effect that said sale of said premises was subject to the possession and occupation and the leases of the various tenants at the time of the execution of said contract, and subject to all the rights of said tenants on the 1st day of October, 1923.

The action came on for trial at the Trial Term held in the city of Utica on the 5th day of May, 1924, and at said Trial Term an order was granted upon the application of the defendants over the opposition of the plaintiff as follows:

" Ordered, that the equitable issue presented by the counterclaim of the defendants and the reply of the plaintiff herein be tried separately at a Special Term of this Court and that the trial of the other issues in this action be stayed until the determination of such equitable issue."

The sale of the premises was negotiated by one Frank Gaultieri, agent for the defendants, and Frank Voci, the husband of the plaintiff, a day or so prior to the actual execution of the written contract, and a part of the purchase price was paid to the agent. The defendant Daniel V. Page, the owner of the property, had no direct part in this negotiation. Mr. Voci knew that the premises were occupied by tenants, was shown by Mr. Gaultieri the lease to said Bove, the lease was explained to him, and he took the lease away for examination before he agreed to purchase. He knew that the defendant Page was unable to deliver the actual possession of the property on account of this lease; he was told by the real estate agent that if there was any violation of the terms of the lease which prohibited the sale of intoxicating liquors on the premises, the tenant could be removed. Under these circumstances he agreed to purchase the property, and on the day of the execution of the lease the parties assembled at the court house in the city of Rome to have the contract drawn by Nicholas J. Rienzo, clerk of the Children's Court of the county of Oneida, who was a student of the law, but not admitted to practice. The Bove lease was there and Mr. Rienzo read the lease over in the presence of the plaintiff and read it in Italian for the benefit of the plaintiff. Mr. Voci at that time said he knew all about the lease. Mr. Page in the presence of the parties said that he would send notice to the tenants to pay their rent to the new owner.

The evidence in the case is overwhelming and conclusive on the proposition that the property was purchased subject to the out-

standing leases. Both of the parties, however, knew the wording of the lease to the effect that the purchaser should have possession of the premises on and after October 1, 1923. Mr. Rienzo testifies that he told Voci who was acting for his wife, his wife being present, that when he bought the property, he bought it subject to the Bove lease, and that Mr. Voci said: " That is all right; I understand all about that."

At the time of the drawing of the papers, Mr. Voci asked that the contract run to his wife, the plaintiff in this action. The contract and the Bove lease were delivered to Mr. Voci. The only explanation given by Mr. Rienzo for not specifically mentioning the leases in the contract is that he was in a hurry and the parties understood the situation. The agreement of which the contract was supposed to be the evidence was for the purchase of the property subject to the outstanding leases. There was no mistake or misrepresentation of any fact either by the defendant or his agent. There was no misunderstanding or ignorance on the part of the plaintiff or her representative as to the facts. Under such circumstances there is of course no ground for rescission of the contract. There was no mistake in the insertion in the contract of the words that the purchaser was to " have possession of said premises from and after October 1st, 1923." The only difficulty arises from the interpretation which the plaintiff now seeks to place on these words. There was no misunderstanding at the time the agreement to purchase and sell was entered into or at the time the formal contract was executed. The plaintiff purchased this property in view of a known condition, notorious, and with the understanding of the character of possession, the defendant Page was to deliver October 1, 1923. She purchased it subject to the leases.

The questions at issue were tried solely on the theory of reformation and not upon the theory of interpretation. I am not unfamiliar with the rule that equity will not take cognizance of an action on its face to reform, but in reality to secure a construction of a contract. While this question is in the mind of the court, it was not raised upon the trial by either party. The defendants at no time attempted to interpret the meaning of the phrase to the effect that possession of the premises was to be delivered from and after October 1, 1923, nor did the plaintiff raise any question that the action for reformation was not properly laid.

Under all the facts and circumstances of the case, I think the equitable defense for reformation was properly set up.

There was no mistake of facts; these were all known by the

parties and understood. There was no concealment or misrepresentation of any name or nature on the part of the defendants. The mistake is rather one of understanding as to possible legal effect of failure to refer to the outstanding leases; all the people involved were Italians; they knew what they were doing; they had probably little knowledge as to the effect upon their relations of the use or a failure to use a particular set of words. The plaintiff now seeks to enrich himself at the expense of the defendants by insisting upon an interpretation of the words of the contract in their ordinary and accepted meaning, which might bring about a result at law which would amount to a fraud upon the rights of the defendants. The remedy of interpretation at law would have been fraught with great difficulties as to evidence; the defendant would so long as the contract stands have been confronted with the rule of evidence against a variation of the terms of a written contract by parol evidence. The words of the contract were unambiguous, but their natural interpretation does not express the actual agreement of the parties, and in an effort to interpret the contract, there being no ambiguity, the question would arise at once in the absence of an allegation of fraud, whether evidence of facts *dehors* the instrument could be presented.

The action of reformation in its very nature constitutes an effort to vary the terms of a written instrument, and so salutary and of such great weight is the rule that parol evidence must not be admitted to vary the terms of a written instrument that, although the rule does not apply in actions of reformation, the burden upon him who seeks to reform a written instrument and to show that it does not express the intent of the parties, is very heavy. *Southard v. Curley,* 134 N. Y. 148.

The court in reforming instruments must have this rule in mind so as not to permit its evasion under the guise of reformation. The proof of mistake and that the written word does not represent the real intent of the parties must leave no doubt in the mind of the court. It must carry a conviction stronger than that reached by the ordinary rule of proof by mere preponderance of evidence. The written word is indeed weighty and evidence that it does not express the intent of the parties must be clear and convincing.

I am satisfied that the defendants have met the tests in this respect, and that to deny the relief sought by them of reformation of the contract so as to make the sale subject to the leases outstanding at the time of the execution of the contract would be tantamount to permitting a fraud upon the rights of the defendants. The whole difficulty arose really out of the carelessness of Mr. Rienzo in omitting a specific provision making the sale subject

to the leases; he was in a hurry and evidently thought there was no danger because the parties thoroughly understood the meaning of the possession which was to be delivered on October first.

Let the contract be reformed so as to conform with the clear intent of the parties as above indicated.

The defendants will prepare findings and conclusions of law to be decided upon two days' notice unless agreed upon.

Decreed accordingly. ————————