ANDREW NIESZ and Another, Respondents, v. JOSHUA A. SPENCER, Appellant.

Third Department, July 1, 1925.

Easements — right of way — action to recover damages for breach of warranty for quiet enjoyment in deed — right of way, not excepted in deed, has been used by owner of another farm openly and without objection for more than twenty years — no proof by defendant that use arose out of license — easement of right of way established — fact that owner of servient property used right of way also, does not defeat action, though it may reduce damages.

In an action to recover damages for a breach of warranty for quiet enjoyment, based on the existence of an easement of a right of way over the farm purchased by the plaintiffs, which right of way was not excepted from the deed, the

plaintiffs are entitled to a judgment, since it appears that the right of way had been in use by the owner of another farm for more than twenty years, openly, and without objection on the part of the owner of the farm purchased by the plaintiffs, and that no evidence was introduced by the defendant to show that the use of the right of way arose out of license or permission.

The fact that the plaintiffs, the owners of a servient estate, also used the right of way, does not bar their right of action although it may reduce the damages.

APPEAL by the defendant, Joshua A. Spencer, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Schoharie on the 5th day of January, 1925, upon the decision of the court rendered after a trial at the Schoharie Trial Term before the court without a jury.

*Wallace H. Sidney*, for the appellant.

*Alberti Baker*, for the respondents.

VAN KIRK, J.:

The action is brought to recover damages for breach of covenant in a warranty deed of a farm made by the defendant to the plaintiffs. The complaint states a cause of action for breach of covenant for quiet enjoyment in that, at the time the deed was given, there was a private right of way, 9 feet wide and about 3,000 feet in length, over and across the farm, which belongs to the owner of the Bouck farm by deed and user; that this right of way was not excepted in the deed; damages in the sum of $500 were demanded. In the answer there is alleged an affirmative defense that this right of way was in fact a public highway and that it had been used for more than forty years by the persons owning the Bouck property and by the public generally; that the plaintiffs were informed by defendant of these facts and purchased the premises with such knowledge. The defendant, however, has now abandoned this defense; he raises the one question that, as a matter of law, on the undisputed facts, there is no right of way across plaintiffs' farm. He urges particularly that there is no evidence of claim or assertion of right to the right of way.

The two farms adjoin and lie between the Middleburg highway and the Cotton Hill highway. The plaintiffs' farm, which we will call the Niesz farm, adjoins the Middleburg road. The Bouck farm adjoins the Cotton Hill road. The roadway in question begins at the Middleburg road, crosses the Niesz farm, passing near the buildings thereon, then continues through the Bouck farm to the Cotton Hill road. Along this roadway there are bars and gates maintained by the owner for farm purposes. Since 1861 this entire roadway across the two farms has been maintained and used. It has been traveled over by the owners of the two farms and by all persons going to or from either farm to or from

either of these highways. At no time during this period has such use been resisted by the owner of either farm and the present owners of the Bouck farm claim a right of way across the plaintiffs' lands.

The court has found that this roadway has been " traveled over openly, continuously and notoriously by persons owning and occupying the said Bouck lands, such use and traveling being on foot and by teams, wagons and automobiles, without limitation and continuing down to the commencement of the·action. * * * That there is no evidence in the case as to the manner and circumstances under which the persons or people began traveling over the roadway, over the lands, described in said deed of June 13, 1919 [the plaintiffs' deed], except the road across both the plaintiffs' land and the land of [Bouck] on the east to the Cotton Hill highway existed December 9, 1861, when Jacob T. Bouck and Joseph T. Bouck made conveyances of both farms. * * * That such private right of way was not reserved or excepted in and by said deed, and by reason of the existence of said private right of way there was and is a breach of covenant for quiet enjoyment on the part of the defendant. * * * That the amount of the plaintiffs' damages is two hundred dollars."

A right of way over lands of another is an easement, a privilege of user in land without profit, existing distinct from ownership of the land. It must be founded upon a grant by writing, or upon prescription which presumes a grant. (19 C. J. 862, § 1; Id. 871, § 13.) In this case there is no grant by writing. We consider it to be the established law in this State that the open, notorious, unexplained and undisputed use of an easement for twenty years " will be presumed to be under a claim or assertion of right and adverse, and not by leave or favor of the owner. * * * If a party claiming the easement shows an open and uninterrupted enjoyment for twenty years, * * * proof must come from the other side to show that such use of the defendant's land was by license or permission, or that it was restrained or limited in point of time." (*Hammond* v. *Zehner*, 23 Barb. 473, 476; affd., 21 N. Y. 118; *Miller* v. *Garlock*, 8 Barb. 153; *Colburn* v. *Marsh*, 68 Hun, 269; affd. on opinion below, 144 N. Y. 657; *Hey* v. *Collman*, 78 App. Div. 584; affd., 180 N. Y. 560.) There is no proof here on the part of the defendant, or otherwise, that the use of this roadway by the owners of the Bouck farm was by license or permission, or that it was restrained or limited in point of time.

There remains one objection by appellant, strongly urged, that because this roadway from plaintiffs' buildings to the Middleburg road was also used by the plaintiffs, it could not be held a right of way in favor of the owner of the Bouck farm. We find nothing

substantial in this objection.   (See *Miller* v. *Garlock, supra.*)   That a right of way belonging to the owner of the Bouck farm happens to coincide with the way or road used by the plaintiffs to reach the highway from their buildings may lessen the damage done to the farm, but it does not relieve plaintiffs' farm from the burden of that right of way.   The court, in fixing the amount of the damages, has taken into account this fact; it has properly held that the right of way did exist.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.