CLARA M. POLHAMUS, Plaintiff, *v.* FRANK L. HINES and Others, Defendants.

Supreme Court, Onondaga County, December 6, 1926.

Deeds — reformation — action to reform two right of way deeds in which scrivener erroneously described rights of way — plaintiff's grantor gave warranty deed which, though failing to recite right of way clause did contain paragraph giving grantee title to " appurtenances and all the estate and rights " of said grantor — said grantor conveyed to plaintiff by quitclaim deed all his title to right of way described in right of way deed given him by defendants' grantor — defendants' grantor conveyed premises to them by deed reciting conveyance was made " subject to a certain right of way over the easterly four (4) feet " of premises conveyed and more particularly described in a right of way agreement already recorded — evidence establishes mutual mistake and reformation of conveyance should he had — privity existed between grantees of original owners of property — conveyances to plaintiff and defendants with appurtenances and subsequent conveyance of right of way to plaintiff by grantor to whom defendants' grantor gave deed created sufficient privity of estate to warrant action to reform deeds — defendants chargeable with notice of knowledge of deeds between original grantors — fact that parts of each house encroached on rights of way at time said rights of way were established does not bar reformation — defendants not entitled to reimbursement for improvements.

Reformation of two right of way deeds between the original grantors of the parties to this action should be had, where it appears that although the parties to the right of way deeds intended to establish a driveway eight feet in width between their adjoining properties, the scrivener made an error describing the rights of way; that plaintiff's grantor gave a warranty deed which, while it made

no mention of the right of way which had theretofore been established between the adjoining premises, contained the clauses " together with the appurtenances and all of the estate and rights " of the grantor in and to said premises; that immediately before the commencement of the action herein the grantor who had conveyed to plaintiff and her husband, the latter having subsequently conveyed said premises to his wife, without mention of the right of way, but referring to the appurtenances, conveyed by quitclaim deed to plaintiff all his right and interest in and to the right of way described in the right of way deed given him by defendants' grantor; and that defendants' grantor conveyed his premises by deed reciting that the conveyance was made " subject to a certain right of way over the easterly four (4) feet of the aforesaid premises and more particularly described in a right of way agreement " theretofore recorded, since it is apparent from the evidence that a case of mutual mistake has been established and that a reformation of the conveyances should be had in order that the intention of the parties may be carried out.

The conveyances to the plaintiff and the defendants now in possession of the adjoining property, with the appurtenances and the subsequent conveyance of the right of way to plaintiff by the grantor to her husband and herself, created a sufficient privity of estate to warrant and justify plaintiff's action to reform the right of way deeds, for the plaintiff is not a stranger to said deeds, but is privy to them; there is privity not only between the immediate grantor and grantee, but it also extends to remote grantees.

The defendants now in possession of the property adjoining the plaintiff's premises were chargeable with notice and knowledge of the right of way deeds between the respective grantors of the plaintiff and defendants, since it was the duty of the defendants to make, or cause to be made, an examination of their title which would have shown the right of way deeds from the grantors of the parties herein; moreover, defendants had full notice of the facts, actual or constructive, and because of that they stand in the place of their grantor who had given the right of way deed to plaintiff's grantor.

The fact that parts of each house encroached on the rights of way at the time said rights of way were established and still so encroach, is no bar to reformation of the deeds, for the situation was known by the parties at the time, and the rights of way were established with reference to the encroachments, and it is now too late to set that up in avoidance.

Nor are defendants in possession entitled to reimbursement for improvements on their property, if reformation is ordered, for they voluntarily encouraged the expenditures after they had personal knowledge of plaintiff's claim.

ACTION to reform right of way deeds.

*Howard N. Francis,* for the plaintiff.

*Leo, Brewster & Johnson [William R. Johnson* of counsel], for the defendants.

MICHAEL J. LARKIN, J. Plaintiff brings this action against the defendants for the purpose of reforming two right of way deeds, each dated June 23, 1921, one given by the defendant Patrick F. McDonald to the defendant Peter F. Klinkert and Mary Klinkert, his wife, since deceased, and the other given by the defendant Peter F. Klinkert and wife to the defendant Patrick F. McDonald.

The deed to the Klinkerts was recorded April 1, 1922, and the deed to McDonald was recorded December 29, 1922.

On and prior to June 23, 1921, the defendant Patrick F. McDonald and the defendant Peter Klinkert, and his wife, Mary Klinkert, since deceased, were the owners respectively of the adjoining properties situate at Nos. 121 and 123 Ashworth place, Syracuse, N. Y. The properties are parts of lot 126, block 222, and each lot as so conveyed had a frontage of 31 feet on said Ashworth place and was 100 feet in depth.

Prior to the said 23d day of June, 1921, the defendants Patrick F. McDonald and Peter F. Klinkert, and the latter's wife, who was then alive, negotiated and arranged for a right of way over their adjoining properties of eight feet in width, four feet in width over and along the land of each, and for the purpose of carrying into effect their agreement each of the owners deeded to the other what was then supposed to be a right of way of four feet in width, the defendant McDonald intending to convey to the defendant Klinkert and his wife a right of way over the easterly four feet of their lot and premises, and the defendant Klinkert and his wife intending to convey to the defendant McDonald a right of way over the westerly four feet of their lot and premises. The conveyances executed and delivered at the time by the defendant McDonald and the defendant Klinkert and his wife did not in fact describe and convey the right of way intended by them, but, on the contrary, the scrivener made an error in describing the rights of way. At the close of the plaintiff's case and upon the stipulation of counsel it was conceded that at the time of the execution and delivery of the right of way deeds on June 23, 1921, the intention was to establish a right of way eight feet in width, as aforesaid.

The purpose of the right of way deeds is expressed therein as giving to the grantees, their heirs and assigns, and their agents and servants, and the tenants and occupants from time to time of the premises, and any other person or persons, for their advantage, to pass and repass on foot and with animals and vehicles over the described rights of way.

A restriction was incorporated in each conveyance that no building be placed upon the rear of the premises occupied by either party other than an automobile garage and that no automobile garage be so placed except a garage limited in capacity to contain two automobiles, and that no garage used as a repair garage or automobile workshop be placed upon either of said premises, and that in the event of a breach of such restrictions the right of way was to become void and that either party could enter upon and take the premises so conveyed without notice.

In addition to the stipulation the evidence clearly shows that it was intended to establish a right of way along the adjacent premises for the benefit of the then owners and that a mutual mistake was made in not carrying out such intention. The attorney who drew the right of way conveyances testified that such was the intention of the parties and that a mistake was made by him in describing the rights of way intended to be conveyed.

On May 27, 1922, the defendant Peter F. Klinkert, his wife being then dead, conveyed the premises owned by him at No. 123 Ashworth place to the plaintiff and her husband by warranty deed, no mention being made therein of the right of way which had theretofore been established between the adjoining properties, but containing the clauses: " Together with the appurtenances and all the estate and rights of the party of the first part in and to said premises. To have and to hold the premises herein granted unto the parties of the second part, and to their heirs and assigns forever."

On September 12, 1923, Guy M. Polhamus conveyed to his wife, the plaintiff, Clara M. Polhamus, his interest in the property which had been conveyed to them by the defendant Klinkert and his wife. No mention was made of the right of way, but the deed did convey the appurtenances, and the premises were to be held by the grantee, her heirs and assigns forever.

On December 27, 1922, the defendant Patrick F. McDonald, then unmarried, conveyed to the defendants Frank L. Hines and Grace D. Hines the lot and premises which he owned at 121 Ashworth place, subject to an unpaid mortgage thereon. The deed recited: " This conveyance is also made subject to a certain right of way over the easterly four (4) feet of the aforesaid premises and more particularly described in a right of way agreement dated June 23, 1921, and recorded on the 1st day of April, 1922, in Book 513 of Deeds, at page 90. Together with the appurtenances and all the estate and rights of the party of the first part in and to said premises. To have and to hold the premises herein granted unto the parties of the second part, their heirs and assigns forever." This deed to the defendants Hines was recorded in the Onondaga county clerk's office on December 29, 1922, at four P. M., and the right of way deed from Klinkert and his wife to McDonald was recorded on the same day at four-eight P. M.

On September 22, 1925, and before the commencement of this action, the defendant Klinkert conveyed to the plaintiff by quitclaim deed all of his right, title and interest in and to the right of way described in the right of way deed given to him by the defendant McDonald on June 23, 1921. This last-mentioned right

of way conveyance was recorded in the Onondaga county clerk's office on April 14, 1926.

A garage was built by the defendant McDonald on his premises before he conveyed to the defendants Hines and since their purchase it has been occupied and used by them. In driving to and from the garage the defendants Hines drive over a cinder path or driveway between the two houses and between two sidewalks, one on the Polhamus property and the other on the Hines property, and the wheels of their automobile pass over the Polhamus sidewalk.

A case of mutual mistake has been clearly established and reformation of the conveyances should be had in order that the intention of the parties be carried out. (*Southard* v. *Curley*, 134 N. Y. 148; *Voci* v. *Page*, 123 Misc. 766, 770; *Jamaica Savings Bank* v. *Taylor*, 72 App. Div. 567; *Millspaugh* v. *Cassedy*, 191 id. 221, 227, 228; *Pitcher* v. *Hennessy*, 48 N. Y. 415, 423; *Delap* v. *Leonard*, 189 App. Div. 87, 89; *MacDonald* v. *Crissey*, 215 N. Y. 609, 616; *Born* v. *Schrenkeisen*, 110 id. 55.) In the last case cited the court (at p. 59) said: " Where there is no mistake about the agreement, and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected."

The defendants Hines contend that plaintiff is not entitled to recover for the following reasons: *First.* That reformation of a deed can only be had as between the original parties and their privies. *Second.* That they were *bona fide* purchasers without notice and that in such circumstances a reformation cannot be had. *Third.* That this action cannot be maintained unless there is an obligation on the part of plaintiff's grantor to furnish the relief demanded. *Fourth.* That plaintiff was a stranger to the right of way deeds between Klinkert and McDonald and is not entitled to any rights or benefits thereunder.

There is privity between the grantees of McDonald and Klinkert. " The term privity in estate denotes mutual or successive relationship to the same rights of property." (*Mygatt* v. *Coe*, 124 N. Y. 212, 219.) " There is a certain privity between the grantor and the grantee of the land." (*Van Rensselaer* v. *Hays*, 19 N. Y. 68, 91.)

A right of way as an appurtenance may pass by deed even though the word " appurtenance " is not used. (*Newman* v. *Nellis*, 97 N. Y. 285, 292.) " A right of way over lands of another is an easement, a privilege of user in land without profit, existing distinct from ownership of the land. It must be founded upon a grant by writing, or upon prescription which presumes a grant." (*Niesz* v. *Spencer*, 213 App. Div. 476, 478.)

A grant of the land carries with it the grant of the easements.

(*Western Union Telegraph Co.* v. *Shepard,* 169 N. Y. 170.) The court (at p. 179) said: " All parties recognize the fact that the previous decisions of this court have established the law to be that the land and its easements are inseparable, and thus the grant of the land carries with it the grant of the easements."

In *Mattes* v. *Frankel* (157 N. Y. 603) the court (at p. 608) said: " No principle of law is better settled than that some things pass by a conveyance of lands as incident and appurtenant thereto, though not named therein. This is the case with a right of way or other easement appurtenant to land." (See, also, *Colburn* v. *Marsh,* 68 Hun, 269, 275; affd., 144 N. Y. 657; *Huttemeier* v. *Albro,* 18 id. 48, 51, 52.)

The conveyances to plaintiff and defendants Hines with the appurtenances and subsequent conveyance of the right of way to plaintiff by the defendant Klinkert created a sufficient privity of estate as to warrant and justify this action to reform. There is privity not only between immediate grantor and grantee, but it also extends to remote grantees. (*Mygatt* v. *Coe,* 147 N. Y. 456, 462, 463.) The plaintiff is not a stranger to the right of way deeds, but is privy to them and as such is entitled to maintain this action to reform. (*Baird* v. *Erie R. R. Co.,* 210 N. Y. 225, 232, affg. 148 App. Div. 452, 461; *Jamaica Savings Bank* v. *Taylor,* 72 id. 567, 574; *Trustees of Columbia College* v. *Lynch,* 70 N. Y. 444, 449, 450.) In the last case cited the court (at p. 449) said: " An owner may subject his lands to any servitude, and transmit them to others charged with the same; and one taking title to lands, with notice of any equity attached thereto, or any outstanding right or claim affecting the title or the use and enjoyment of the lands, takes subject to such equities, and such right or claim, and stands, in the place of his grantor, bound to do or forbear to do whatever he would have been bound to do or forbear to do. Lord COTTENHAM uses this language: ' If an equity is attached to property by the owner, no one purchasing, with notice of that equity, can stand, in a different situation from the party from whom he purchased.' (*Tulk* v. *Moxhay,* 2 Phil. 774.) "

The defendants Hines were chargeable with notice and knowledge of the right of way deeds between McDonald and Klinkert. Their conveyance was made subject to the Klinkert right of way over the premises purchased by them of McDonald.

The recording of a deed is constructive notice to every one from the time of its record. (*Belle Ayre Conservation Co.* v. *State of New York,* 214 App. Div. 127, 132.) " The object of recording is to give notice to all the world that the title has passed from the vendor to the vendee." (*Jackson* v. *Post,* 15 Wend. 588.) It was

the duty of the defendants Hines to make or cause to be made an investigation and examination of their title and the presumption is that they did. A proper search of title could not have been made without the discovery of the right of way deed from McDonald to the Klinkerts and which affected their title. (*McPherson* v. *Rollins*, 107 N. Y. 316, 322; *Moot* v. *Business Men's Investment Association*, 157 id. 201, 209; *Western Union Telegraph Co.* v. *Shepard*, *supra*, 181; *Clapp* v. *Byrnes*, 3 App. Div. 284, 296, 297; affd., 155 N. Y. 535; *Sweet* v. *Henry*, 175 id. 268, 276; *Belle Ayre Conservation Co.* v. *State of New York*, *supra*; *Goldstein* v. *Rosenbergh*, 191 id. 492, 495; *Whistler* v. *Cole*, 81 Misc. 519, 520, 521; affd., 162 App. Div. 920, on opinion below.) It is admitted on their part that they employed and retained an attorney, who acted for them and their grantor McDonald at the time of their purchase of the property. Notice of facts to an agent or attorney is constructive notice to the principal when it is connected with the subject-matter of the agency. (*Howell* v. *Mills*, 53 N. Y. 322, 328.) Their failure to read their deed is no defense. (*Jamaica Savings Bank* v. *Taylor*, *supra*, 573.)

The defendants Hines had full notice of the facts, actual or constructive, and thus they stand in the place of their grantor McDonald. They acquired all of his rights and are charged with all of the consequent liabilities (*Western Union Telegraph Co.* v. *Shepard*, *supra*, 181; *Trustees of Columbia College* v. *Lynch*, *supra*, 450, 451), and having accepted the deed and taken possession under it they are bound by it. (*Newburger* v. *American Surety Co.*, 242 N. Y. 134, 143.)

Defendants Hines also claim that because parts of the houses encroached on the rights of way at the time the rights of way were established, and still so encroach, no reformation should be had. The situation was known by the parties at the time and the rights of way were established with reference to the encroachments and it is now too late to set that up in avoidance. It is also claimed that because the defendants Hines have made some changes or improvements on their property, and which encroach upon the right of way, they should be reimbursed if reformation is ordered. The answer to this is that they voluntarily incurred the expenditures after they had personal knowledge of plaintiff's claim.

Within the authorities cited and for the reasons stated the plaintiff is entitled to a judgment of reformation. Judgment accordingly.