Samuel W. Eager, J.
This action is brought for judgment decreeing that plaintiff has a perpetual easement of way over lands of defendants, that defendants be enjoined and restrained from preventing the free use of the same by plaintiff, and that plaintiff recover such damages as she has sustained by reason of acts of defendants in obstructing the alleged right of way. Defendants deny that the plaintiff has an easement of way over their lands as claimed by her and counterclaim for judgment decreeing that plaintiff be forever barred from claiming any interest in or easement with respect to their lands.
The plaintiff and the defendants own adjoining lands. They acquired their respective premises from a common grantor pursuant to contracts entered into at about the same time and by virtue of deeds executed, delivered and recorded simultaneously. It appears that, prior to the conveyances, there did exist a “ Right of Way ” across the tract of the common grantor running from Maple Avenue to lands of Edward M. and Mary E. Ayres as designated and shown on the map of the tract received in evidence as plaintiff’s Exhibit 1. It is clear from the testimony and documentary evidence that it was agreed by and between plaintiff and this common grantor that the plaintiff, for purposes of access to the portion of the tract to be con *1037 veyed to her, was to have a perpetual easement of way over that part of the said “ Right of Way ” located upon the portion of the tract to be conveyed to defendants; and that such easement was to be vested in plaintiff and her successors in title for the purposes of ingress to and egress from the premises to be acquired by plaintiff from the common grantor. It was so expressly stated in the letter from the common grantor, dated December 12, 1941, and made a part of the preliminary agreement of sale with the plaintiff.
The deed delivered to the plaintiff contained the following:
“ Subject, however to the following:
“ (3) To perpetual public and private easements in and to the right of way or path or road running partly along side of said premises and partly across the premises now being conveyed to Edgar J. and Lewis F. Faryniarz (the defendants) from the north side of Maple Avenue northerly to land of Edward M. and Mary E. Ayres, over which a perpetual easement is hereby granted to the grantee herein. ’ ’
Now, it is noted that, prior to the conveyance to the plaintiff, the particular right of way existed solely for access to the lands of Edward M. and Mary E. Ayres, and the phrase “ over which a perpetual easement is hereby granted to the grantee herein ” was undoubtedly added to the subject clause for the purpose of carrying out the agreement that plaintiff (the grantee under the deed) and her successors were also to have the use of the right of way for access to the premises conveyed to the plaintiff. There was in fact no reason to add this particular phrase to the subject clause except to carry out such purpose.
A deed, whenever possible within reason, is to be so construed as to give effect and meaning to every part and phrase thereof (see 26 C. J. S., Deeds, § 84, subd. b), and the position in the particular deed to plaintiff of the words intended to have the effect of conveying to her the easement of way is immaterial, the intent of the parties to give the easement being clearly indicated. (See Dagrosa v. Calabro, 105 N. Y. S. 2d 178.) Thus, here, the fact that the phrase purporting to convey the easement is found in the so-called “ subject clause ”, is not a good reason for refusal to give effect thereto.
It is concluded, therefore, that an easement of way as claimed by plaintiff was conveyed to her and her successors in title by the common grantor, and there remains for consideration the contention of the defendants that they are not bound by such conveyance in that the deed to them was not made subject to any such easement and in that they took their deed without per *1038 sonally having notice thereof. The deed from the common grantor to the defendants recites that the conveyance to them of the particular premises therein described was subject to “ perpetual public and private easements in and to the right of way or path or road running across said premises from the north side of Maple Avenue northerly to land of Edward M. and Mary E. Ayres.” The defendants claim that such clause had reference only to the easements for access to the lands of Edward M. and Mary E. Ayres and did not put them on notice of the easement granted to plaintiff. However, it is clear that the defendants, under the circumstances here, are deemed as a matter of law to have notice of the easement claimed by plaintiff and to have taken subject thereto. As noted aforesaid, the deed to plaintiff and the deed to defendants were deeds from a common grantor, covering adjoining premises, and were delivered and recorded simultaneously. The fact is that the two titles were closed at the same time in the office of the grantor’s attorney with representatives of all parties present.
Where, as here, two or more deeds to different grantees come from a common grantor, cover adjoining premises out of a tract of land owned by such grantor, and are delivered simultaneously on a joint closing, those grantees, who are represented on the closing, are presumed to have checked and to know the contents of the several instruments delivered on the closing. Attorneys and title closers, representing a grantee on a closing, as a matter of course check all instruments then delivered which may affect the title to the premises being conveyed, and certainly are presumed to have checked and are to be considered as having notice as to the contents of instruments having to do with the conveyance of adjoining premises where such instruments are delivered at the same time and are to be recorded with the deed to the grantee so represented.
The defendants here were represented by an attorney on the closing at which the deeds were delivered, and it is clear that notice to him is imputable to the defendants. (See 7 C. J. S., Attorney and Client, § 69; Polhamus v. Hines, 128 Misc. 299.) Following the closing, with the authorization of this attorney, the deeds to the respective grantees were turned over to a title company representative for simultaneous recording and were so recorded. Under the circumstances here, therefore, it is concluded that the defendants’ attorney is considered as having notice of the conveyance of the easement to plaintiff, that the defendants are chargeable with such notice and that they did take subject to such conveyance.
*1039 The plaintiff shall have judgment decreeing that she and her successors in title do have a perpetual easement of way over the “ Eight of Way ” shown on plaintiff’s Exhibit 1 as leading from Maple Avenue to the lands of Ayres, and restraining and enjoining the defendants from interfering with the use of the same by the plaintiff and her successors in title.
The defendants submit that, in any event, they should not be directed by the judgment herein to remove the barway and bars extending across the right of way at the entrance to Maple Avenue or to repair and maintain a roadway upon the right of way. It does appear that the presence of the barway is advisable from the standpoint of keeping the general public from driving off Maple Avenue into the right of way for parking, picnicking, etc., and it does not appear that the presence of the same will substantially interfere with such use as the plaintiff now or in the near future will make of the right of way. Therefore, the same may remain, subject, of course, to the removal of the bars as occasion demands for ingress to or egress from plaintiff’s property. (See Erit Realty Corp. v. Sea Gate Assn., 249 N. Y. 52; Jennings v. Lake Baldwin Taxpayers Assn., 283 App. Div. 965.)
No cause of action is pleaded or relief requested with respect to the repair or maintenance of a roadway upon the right of way and there is no occasion for providing therefor by the judgment herein. In any event, the defendant would not be compelled to maintain a road or to make repairs. (See Brill v. Brill, 108 N. Y. 511, 516, 517; Friedman v. Adelson, 22 N. Y. S. 2d 715.) Defendants will, however, be enjoined from in any manner obstructing or encumbering the right of way or passage thereover and from interfering with the maintenance of a road on the right of way by the plaintiff.
No damages for alleged obstruction of the right of way by the defendants were proven and none are awarded.
The defendants’ counterclaim is dismissed.
This will stand as the decision of the court. Settle judgment on notice.